## WHITE vs. EASTERS.

[BILL IN EQUITY BY EXECUTOR FOR ABATEMENT OF LEGACIES.]

1. *Abatement of specific and residuary legacies.*—An executor, who is also residuary legatee under the will, cannot maintain a bill in equity against the specific legatees, for an abatement of their legacies, on account of expenses incurred by him after paying their legacies in full, when it appears that he has received, as residuary legatee, more than the entire amount of the expenses so incurred, and that he voluntarily paid the specific legacies without requiring refunding bonds from the legatees.

APPEAL from the Chancery Court of Pike.
Heard before the Hon. N. W. COCKE.

THE bill in this case was filed by Wilborn C. White, the appellant, who was the executor of the last will and testament of John White, deceased, and also the residuary legatee under the will, against Mrs. Sarah Easters and others, who were also legatees under the will. Its object was to compel the defendants to refund to the complainant, from the amounts which he had paid to them in satisfaction of their respective legacies, their *pro-rata* share of expenses subsequently incurred by him in defending a chancery suit, the object of which was to set aside the probate of the will. The chancellor dismissed the bill, on motion, for want of equity; and his decree is now assigned as error.

C. CUNNINGHAM, for appellant.

STONE, J.—The will of John White, out of which this litigation arises, is made up entirely of specific legacies of considerable value, a few inconsiderable pecuniary legacies of ten dollars each, and a residuary clause in favor of Wilborn C. White, who was appointed executor. The complainant seeks to have the specific legatees refund to him, because, as he avers, after he had assented to the legacies

and given them off, suits were instituted against him as executor, which he has defended successfully; but, in defending them, he alleges that he has been required to pay out large sums of money, and to devote his personal attention, for which he seeks to recover some twenty-seven hundred to three thousand dollars.

We are informed by the exhibit to the bill, that the executor received, under the clause in his favor, the sum of about twenty-nine hundred dollars, being more than the sum he claims to have allowed him for the expenses of the after-litigation. The bill does not allege or claim that any greater sum should be paid the executor than the exhibit shows he has received as his legacy, and there is nothing in the bill or exhibit which enables us to determine what portion of the sum of $2,987 54 accrued to the executor under the specific clause to him, and what portion under the residuary clause. This matter being left in doubt, we must construe the clause most strongly against the pleader. The averments of the bill are, that the executor has paid out money exceeding two thousand dollars, and that he and Mr. Siler have agreed on seven hundred dollars, as his compensation for commissions, and for personal services in superintending the litigation. These two amounts, added together, make up a sum exceeding twenty-seven hundred dollars; but how much they exceed that amount, we are not informed. The bill, then, fails to show that the complainant is entitled to receive a greater sum than has accrued to him as residuary legatee.

In the most favorable aspect in which we can view this case, it is a bill by a residuary legatee, against specific legatees, to obtain from the latter a pro-rata abatement of their legacies for the payment of debts. The rule is clear, beyond all question, that specific legacies are not subject to abatement, until the residuary legacy is exhausted.—White & Tudor's Leading Cases, (3d edition,) pages 500–505; 1 Roper on Legacies, 356–7, 410–11; Lomax on Ex'rs, (2d edition,) 304–7.

The bill failing to present a case for abatement of the

specific legacies, even if the property had remained in the hands of the executor undistributed, we need not inquire of another very grave question in this case—namely, whether the executor, after voluntarily surrendering the legacies, without requiring refunding bonds, has made a case which authorizes him to call for contribution. On this question 'we decide nothing.—See *Alexander v. Fisher,* 18 Ala. 374; *Moore v. Lesueur*, 33 Ala. 237–245.

The decree of the chancellor must be affirmed.