# Bethea, et al. v. Bethea, et al.

*Bill in Equity by Remaindermen to compel Life Tenant in Possession to give Security for Preservation of Estate.*

116   265
121   66

116   265
127   201

1. *Construction of will; when legatees take per stirpes and not per capita.*—Where a will, after bequeathing certain property to testator's wife for life, then proceeds "and after her death I give, devise and bequeath the same to my three sons, Henry, Alfred and Andrew J., during the term of their natural lives, and then to the children that each may have surviving them," the children of the three sons take under said will *per stirpes.*

2. *Same; when legacy vested and not contingent.*—Where, in a will the testator bequeathes his property to his wife for life, and after her death to his three sons, naming them, "during the term of their natural lives, and then to the children that each may have surviving them," there is created in the children of the sons a vested legacy.

3. *Right of remaindermen to compel life tenant to give security.*—Where, in his will, the testator bequeathes bonds to his wife for her life, and after her death to his three sons, naming them, during the term of their natural lives, "and then to the children that each may have surviving them," and such bonds come into the hands of one of the sons, as executor, who was decreed to deliver them to the wife of the testator as a life tenant, but who nevertheless retained them or their proceeds, the children of one of the testator's sons named in the will,

who had died, upon showing that there was danger of loss of the bonds or their proceeds, and that the wife of the testator was unable to give security, is entitled to maintain a bill to obtain security from the testator's son who is in possession, for the perservation of the bonds or their proceeds, for their benefit.

4. *Same*; *equity of bill.*—Where, in such a case the children of the deceased son of the testator file a bill for the purpose of obtaining security for their ultimate interest in the bonds or their proceeds, the fact that the complainants owed the wife of the testator a sum less than their interest in the bonds, does not constitute a bar to the maintenance of such bill, on the ground that they must do equity before seeking equity; the debt owing by the complainants in such bill to the life tenant having no relation to the relief sought, except that the court might consider it in determining the amount of security that might be required of the son in possession, for the remainder of the fund.

APPEAL from the City Court of Montgomery, in Equity. Heard before the Hon. A. D. SAYRE.

The bill in this case was filed by the appellees, Theodore Bethea and Mamie Bethea, who alleged that T. B. Bethea, their grandfather, died testate in 1879, possessed of a large estate; that his will was duly probated, and that in the second paragraph thereof was the following bequest: "I give, devise and bequeath to my wife, Eugenia V. Bethea, my house and lot in the city of Montgomery, on the corner of Perry and Grove streets, where I now reside, and all the household and kitchen furniture, horses and carriage, cows, &c., all debts due to me or coming to me, or other evidences of debt, bonds or obligations which I may hold or do hold at the time of my death, or cash or money on hand, for and during the term of her natural life; and after her death I give, devise and bequeath the same to my three sons, Henry, Alfred and Andrew J., during the term of their natural lives and then to the children that each may have surviving them." It was then averred in the bill that of the bonds which were left by the testator, there were $19,000 of them which came into the hands of Henry Bethea, as executor of the testator's last will and testament, and that upon the settlement of the estate it was decreed that Henry Bethea should turn over and deliver to Eugenia V. Bethea the said $19,000 of bonds; that notwithstanding this decree these bonds or their proceeds were in the hands of said Henry Bethea at the time of the filing of this bill. It was further

averred that Alfred Bethea, one of the three beneficiaries
under the second item of the will died in 1882, subse-
quent to the final settlement of the estate by Henry
Bethea, as executor, and that the plaintiffs are the only
children of said Alfred Bethea, and as such children are
now the beneficiaries to the extent of a one-third interest
in the funds now in the hands of Henry Bethea arising
from the sale of said bonds, subject only to the falling in
of the life estate of Eugenia V. Bethea.    It was then
averred in the bill as follows : ''That Eugenia V. Bethea
is without means except her life interest in the property
devised to her in the will, and is wholly unable to secure
your orators their ultimate interest in said fund ; that
Henry Bethea has converted the securities and appro-
priated the proceeds to his own uses and purposes, and
has not kept the same separate and distinct from his
own proper funds ; that while he owns some property,
most of it is held on the limitations declared in the will
and he is considerably indebted ; and your orators aver
it is a matter of grave doubt whether said Henry would
be able to respond to your orators when they shall have
become entitled to their interest in said fund.    Orators
aver upon advice, that whether said Henry Bethea orig-
inally held said securities as an executor, or as trustee,
or whether he failed to turn the same over, or turning
the same over subsequently acquired them from said
Eugenia V. Bethea, that he is at all events liable to ac-
count personally for the same or the value thereof, and
that your orators have the right to cause their interest
therein to be secured.''

Eugenia V. Bethea and Henry Bethea were made
parties to the bill, and the prayer of the bill was that
Henry Bethea be required to ''execute bond with secu-
rity, conditioned so as to secure your orators their
interest in said fund.    And in default of such security,
that your honor will ascertain the amount for which said
Henry Bethea is liable to account, and will cause the
same to be paid into court by him, or in default thereof
that a monied decree be rendered against him, and that
payment be enforced.    That said fund be invested on
the trusts set forth in said will, that is to say, the in-
terest to be paid to the life tenant, with remainder as
provided in the second item of the will.''

To this bill the defendants demurred upon the follow-

ing grounds : 1. That it appears in and by said bill that the said complainants have no vested interest in the subject of the said suit, the funds sought to be secured being by the will of the said T. B. Bethea, deceased, limited to this respondent for her life and to the three sons of said T. B. Bethea for the term of their lives and "then to the children that each may have surviving them," under which limitation only those children can take any interest who are living at the death of the three sons of said T. B. Bethea, deceased. 2. It is not averred or shown in and by said bill that complainants have any vested interest in the property which is the subject of said suit. 3. That said bill shows that the said complainants are only entitled contingently upon surviving the three sons of the said testator, and then only to an equal *per capita* share with all the children of the said three sons so surviving, and that said bill does not show how many children there are who stand in their situation to share with said complainants. 4. That said bill is uncertain because it furnishes no data by which the interest of complainants in the subject of the suit may be ascertained. 5. That said bill shows that complainants have no vested interest in the subject of litigation.

Eugenia V. Bethea also filed the following plea to the said bill : "This respondent says the said complainants ought not to have or maintain the aforesaid bill against her because she says : That after the delivery to her of the said bonds and securities as alleged in said bill and their reduction to cash, to-wit, on the 4th day of February, 1890, the said T. B. Bethea, one of the complainants in this suit, and one Mamie Bethea obtained and borrowed of this respondent the sum of one thousand dollars of said funds and executed therefor their receipt and contract substantially in the following words and figures, viz. : Received, Montgomery, Ala., Feb'y 4th, 1890, of Mrs. T. B. Bethea, one thousand dollars, borrowed money, and hereby promise to return the same in twelve months from date with 8 per cent. added. T. B. Bethea, Mamie Bethea. That neither the said borrowers nor any one of them has ever returned or paid to this respondent the said money so borrowed or any part thereof, and that they refused to repay the same to respondent. And respondent pleads this fact in bar of the right of the said complainant's to maintain their said bill against

her; and avers that the said sum of one thousand dollars with interest on part of said funds sought to be secured by said bill, is in the hands of said complainant, T. B. Bethea, and that the same should be repaid to her before calling on her to account for said funds or to secure the same."

Upon the submission of the cause upon the demurrers and exceptions to the sufficiency of the plea of Eugenia V. Bethea, the court was of the opinion that the complainants had a vested interest in the undivided one-third of the property bequeathed by the second item of the will and described in the bill of complaint, and that there was no such relation between the two matters as that the matters set up in the plea ought to affect the equitable right of complainants to have their interest secured to them in remainder, in the rest of the property; and, therefore, the chancellor decreed that the demurrers be overruled and the exceptions to the plea be sustained, and the plea dismissed. From this decree the defendants appeal, and assign the rendition thereof as error.

GUNTER & GUNTER, for appellant.—Under the will in this case, the grand-children of the testator, two of whom are the complainants in the present bill, took *per capita* and not *per stirpes.*—*Howard v. Howard*, 30 Ala. 393; *Smith v. Ashurst*, 34 Ala. 208; 29 Amer. & Eng. Encyc. of Law, 420.

The plea of Mrs. Eugenia V. Bethea, the life tenant of the estate, was good and should have been sustained. There is no exception to the universal rule that one coming into a court of equity must do equity and come in with clean hands.—1 Pom. Eq., § 397, *et seq.*; *Connor v. Armstrong*, 86 Ala. 262.

J. M. CHILTON, *contra.*—1. The second item of the will created a vested remainder in the three children, Henry, Alfred and Andrew J., and their children.— *Gibson v. Land*, 27 Ala. 127; *Nixon v. Robbins*, 24 Ala. 663.

2. "A court of equity, where there is a future right of enjoyment, will interpose and grant relief on a bill *quia timet*, if there is any danger of loss or deterioration or injury to it in the hands of the party entitled to the present possession."—*Lewis v. Hudson*, 6 Ala. 463;

*Walker v. Miller*, 11 Ala. 1067; *Ramey v. Green*, 18 Ala. 771. And where a tenant for life makes sale of the entire and absolute interest in chattels, a court of equity will interfere at the suit of remaindermen, and protect their ultimate interests.—*Lyde v. Taylor*, 17 Ala. 270; *Ramey v. Green*, 18 Ala. 771.

HARALSON, J.—1. The main question in this case is, whether the children of Henry, Alfred and Andrew J.,—the latter being the sons of the testator, T. B. Bethea,—took under the second clause of the will *per stirpes* or *per capita.* Mr. Jarman says on this subject, "Where a gift is to the children of several persons, whether it be to the children of A. and B., or to the children of A. and the children of B., they take *per capita* and not *per stirpes.*"—2 Jar. on Wills, (6th ed.), p. 205, *p. 1051, § XII. In the notes to the text, several illustrations, and the cases to sustain them, of the correctness of this rule, are given. The annotator, referring to the case of *Henry v. Thomas*, 118 Ind. 23, says: "The *per capita* rule, it is rather strongly declared in this case, has been so departed from, that it has no longer any practical force, the weight of authority being that the beneficiaries take *per stirpes* unless a contrary intention appears;" citing cases to sustain this view, from Pennsylvania, New York, Maryland and Tennessee. Mr. Jarman, himself, in respect to the rule he states, says: "But this mode of construction will yield to a very faint glimpse of a different intention in the context,"—to sustain which exception, many adjudications are cited in the notes. This court, in *Smith v. Ashurst*, 34 Ala. 208, recognized the doctrine stated by Jarman and its modification on faint evidence, in the context, of a different intention by the testator. In the will before us, as to the bonds in question, the testator provided, "and after her death [Eugenia V. Bethea, his wife, to whom he gave a life estate in the bonds] I give, devise and bequeath the same to my three sons, Henry, Alfred and Andrew J., during the terms of their natural lives, and then, to the children that each may have surviving them." The word *each* as here employed, is clearly distributive of the grand-children of the testator referred to, into classes or *stirpes*, indicating his intention for them to take in this manner, and not *per capita.*

[Bethea, et al. v. Bethea, et al.]

2. The law inclines to regard legacies as vested, rather than contingent, and the rule is applied when the intention is obscure or doubtful. Of course, when the intention is plain, it has no application.—*Travis v. Morrison*, 28 Ala. 498.

In the clause of the will we construe, time of division or payment of the legacies is not of the substance of the gift. It is mentioned only as a qualifying clause of the payment or division,—the gift being absolute as to the classes named, at a certain time in the future,—the whole of the intermediate interest having been given, first to the widow of the testator during life, and to his said three sons for life after her death. The estate, thus given to said classes, *per stirpes*, was not limited upon a dubious and uncertain person, or upon the happening of a dubious and uncertain event. It was absolute in form, to definite classes at a certain time. By all the tests, the legacies were vested.—*Nix v. Robbins*, 24 Ala. 670; *Cox v. McKinney*, 32 Ala. 461; *High v. Worley*, 32 Ala. 712; *Thrasher v. Ingram*, 32 Ala 646; *Wynne v. Walthall*, 37 Ala. 42; *Phinizy v. Foster*, 90 Ala. 264; 20 Am. & Eng. Encyc. Law, 838.

3. Formerly the rule was, that a remainderman could in all cases apply to a court of equity, to obtain security from the party who held the life estate, that the property should be delivered to him when he became entitled to the possession, without showing either waste or danger of waste. This rule has been abandoned in England and this country, and in order to obtain such relief, the remainderman must now show danger to his interest. Justice STORY states the rule to be, that in all cases "where there is a future right of enjoyment of personal property, courts of equity will now interpose and grant relief upon a bill *quia timet*, where there is any danger of loss or deterioration, or injury to it in the hands of the party who is entitled to the present possession."—2 Story Eq., § 845; *James v. Scott*, 9 Ala. 579; *Lewis v. Hudson*, 6 Ala. 463; *Nance v. Cox*, 16 Ala. 129; *Lyde v. Taylor*, 17 Ala. 270; *Ramey v. Green*, 18 Ala. 771.

That the allegations of the bill are full and sufficient to show danger of loss and injury to the inheritance in the hands of the defendant, Henry Bethea, is not questioned on demurrer, and is not open to dispute.

4. The plea filed by the defendant, Eugenia V. Bethea, in bar of this action, sets up the fact that the complainants, on the 4th February, 1890, had borrowed $1,000 of the $19,000 fund, from the defendant, Mrs. Bethea, for which they gave their receipt, promising to return the same in twelve months from date, with the interest added; that they still owe this money, and they are, therefore, barred from maintaining this bill to have the balance of the fund secured, not having offered to do equity by returning the money borrowed. The chancellor was of the opinion, as he expressed it, "that there is no such relation between the two matters as that the matter set up in the plea ought to affect the matter of the equitable right of complainants to have secured to them their interest in remainder in the rest of the property, and that, therefore, the exceptions to the plea are well taken." If they owe this money, they may be compelled to repay the same to Mrs. Bethea, but surely, the fact that they owe it ought not to bar them from security of the remainder of the fund, in which they have a third interest, endangered, as alleged, in the hands of said Henry Bethea. The bill is not filed for a division of the fund, but for the security of complainants in their ultimate interest therein, when it comes to be divided. The doctrine of offering to do equity before seeking it, has no application to a case of the kind. The fact that complainants owe this money has no just relation to the relief sought, further, perhaps, than as the court may consider it in determining the amount of security that should be required of Henry Bethea for the remainder of the fund.—1 Beach on Mod. Eq. Juris., § 14; 1 Pom. Eq. Juris., § 399.

We find no error in the decree of the court overruling the demurrers to the bill, and sustaining exceptions to the plea of defendant, Eugenia V. Bethea.

Affirmed.