# Andrews, Exec. *et al.* v. Russell.

*Bill in Equity against Executors for Accounting, Settlement and Distribution of an Estate.*

1. *Vested and contingent remainders; rule for their determination.*—The general rule for determining whether a bequest is vested or contingent is that where the time of division or payment is of the *substance* of the gift, then the legacy is contingent; but when time is mentioned only as a qualifying clause of the payment or division, then the legacy is vested.

2. *Will; construction thereof; rights of husband surviving wife who was legatee.*—A will, after making several bequests instructed the executors named therein to keep all of the estate of the testator together, to manage and control the same to the best interest of the testator's wife and children until said children should marry or the youngest should arrive at the age of 21 years; that when and as his minor children attained their majority or married, his executor should pay them respectively the amount so provided as an advancement to his

children who were of age at the time of his death, and that when his youngest child arrived at the age of 21 years, or when all of his children were married, then his executors should sell all of his property and divide it equally among all of his children; special directions being given for the distribution. It was further provided in said will that in the event the married daughter of the testator "should die and not leave surviving her any child or children then in that event the share of my estate herein provided for her shall revert back and become part of my original estate, and shall be distributed among my heirs," as provided by the former paragraph of the will. It was made clear by all the provisions of the will that the testator desired, after providing for his wife, to give each of his children an equal share in his property. *Held*: (1.) Under the provisions of the will the married daughter of the testator took a vested legacy and upon dying intestate, leaving a child surviving her, her share descended to said child under the statute of distribution, (Code, §§ 1453-1462). (2.) That upon the death of the married daughter intestate, leaving a child surviving her, said child inherited her share of the estate, and upon the death of the child without brothers or sisters or children, the father of the child, who was the husband of the testator's daughter, is entitled to share in the estate bequeathed to said married daughter by the testator.

APPEAL from the Chancery Court of Barbour.

Heard before the Hon. WILLIAM L. PARKS.

The bill in this case was filed on August 4, 1899, by the appellee, L. A. Russell, and averred the following facts: William A. Andrews died in Barbour county, Alabama, on August 8, 1881, leaving a large estate, and left surviving him his widow, Laura E. Andrews and several children who were as follows: Dora Russell, the wife of the complainant, and W. D. Andrews, both of whom were over 21 years of age; Eloise Andrews, now Eloise Grant, who was 14 years of age; Eva Andrews, now Eva Grant, who was 12 years of age; Alfred Andrews, who was three years of age, and each of whom is over 21 years of age at the time of the filing of the bill, and also a son, Rhett Andrews, who died in 1887, and who was a minor, unmarried and without children at the time of his death. W. A. Andrews left a will which was duly probated, and was attached to the bill as an exhibit. The provis-

ions of the will necessary to be noticed on the present appeal are sufficiently shown in the opinion.

Alfred Andrews was the youngest child of the testator, W. A. Andrews, and reached the age of 21 years on March 22, 1897, and has never married. Dora Russell, the wife of the complainant, died intestate February 11, 1885, leaving one child, James Alfred Russell, and the complainant surviving her. The said child of Dora Russell, James A. Russell, died August 10, 1895, and complainant was next of kin to him, he having no brothers or sisters, or children. It was averred in the bill that no investment of $1,200 or any other share was ever made by Laura E. Andrews and W. D. Andrews, who were respectively executor and executrix of the will of W. A. Andrews for said Dora Russell as provided in the third paragraph of said will; the said executrix and executor have taken possession of all of the realty described in said paragraph under the power given them, when the youngest child of the testator should become 21 years of age. It was then averred in the bill that the executrix and executor refused to recognize that the complainant has any interest of any character, or any right or claim in or to the estate of Wm. A. Andrews; but the complainant avers that Dora Russell, having died leaving a child surviving her, the interest and share of said Dora Russell in the estate of her father did not, upon her death, revert back to the estate, but descended to the child and through the child to the complainant; and that, therefore, the complainant is entitled to all the rights and interests bequeathed in the will to his wife, Dora Russell. It is averred that there have been no proceedings filed in the probate court by the executrix or executor for the final settlement of said estate.

Laura E. Andrews and William D. Andrews, individually and in their respective capacities, Eloise Grant, Eva Grant and Alfred Andrews are made parties defendant to the bill.

The prayer of the bill was that the complainant be decreed to be entitled to $1,200 as an advancement and that the executrix and executor be required to file an account and full report of all their acts and doings in the management of said estate, and that the share of Dora

Russell in said estate be given to the complainant, and for a final settlement.

To this bill the defendants demurred upon the following grounds: 1. Said bill shows that the estate of said William A. Andrews, deceased, is being duly administered in the probate court of Barbour county, Alabama, and no reason or sufficient cause is set forth in said bill to remove the administration of said estate into chancery court. 2. The bill shows upon its face that if complainant has any interest in the estate of said William A. Andrews, deceased, he has a complete and adequate remedy at law to assert, maintain and receive said interest. 3. The bill and exhibit thereto show upon their face that said complainant has no interest whatever in the estate of said William A. Andrews, deceased. 4. The bill and exhibit thereto show upon their face that complainant has no interest in the estate of said Rhett Andrews, deceased, minor child of said William A. Andrews, deceased. 5. The bill upon its face shows that Rhett Andrews, deceased, at the time of his death, had no inheritable interest in the estate of his father, William A. Andrews, deceased The defendant also moved to dismiss the bill for the want of equity.

On the submission of the cause, the chancellor rendered a decree overruling the motion to dismiss and the demurrer. From this decree the defendants appeal, and assign the rendition thereof as error.

G. L. COMER and E. P. THOMAS, for appellant, cited *Wynne v. Walthall,* 37 Ala. 37; *Taylor v. Harwell,* 65 Ala. 1; *Hemphill v. Moody,* 62 Ala. 516; *Griffin v. Pringle,* 56 Ala. 486; *Collins v. Toomer,* 69 Ala. 14; *Marr v. McCullough,* 6 Port. 506; *Leavens v. Butler,* 8 Port. 380; *Capel v. McMillan,* 8 Port. 197; *Thrasher v. Ingram,* 32 Ala. 646; *Martin v. Barrett,* 39 Amer. Dec. 575; *Eatherly v. Eatherly,* 78 Amer. Dec. 499.

A. H. MERRILL, contra, cited *Savage v. Benham,* 17 Ala. 119; *McLeod v. McDonnell,* 6 Ala. 236; *May v. Ritchie,* 65 Ala. 602; *Wilkie v. McGraw,* 91 Ala. 631; *Kumpe v. Coons,* 63 Ala. 448; *Gindrat v. Western,* 96 Ala. 162; *Smaw v. Young,* 109 Ala. 528.

HARALSON, J.—In reading the will of Mr. Andrews, we cannot escape the conclusion that he desired, after providing for his wife, to give each of his children an equal share in his property. He died in 1881, and his will was admitted to probate in 1882. He left five children, Dora Russell, wife of complainant, and W. D. Andrews, both of whom were over the age of twenty-one years, and three others, who were minors, ranging from three to fourteen years. It would seem he was a man of considerable property, and it does not appear he was involved in debt. He committed his entire estate to his executrix, who was his wife, and to his executor, W. D. Andrews, who was his son, for the purposes specified in his will. In the third paragraph he directed that his daughter, Dora, and her husband, the complainant, should move into and occupy his residence, which he devised to them, together with 80 acres of land attached, to be occupied by them until his executors should acquire from the net income of his estate the sum of $1,200, which they were directed to invest in another home for them, when the rights of each in the home tract should cease. But, it was directed that the title to this new home should be so taken, that his daughter, Dora, should have only a life estate therein, and at her death it was to go to her children.

By the fourth paragraph, his executors were to keep all his estate, both real and personal, together, to manage and control the same as they thought best, to cultivate and sell crops, to sell or dispose of any of his estate, real or personal, if they deemed it advisable to do so, and invest in other property, taking titles in their names. They were authorized to spend so much of the income, rents and profits, in clothing and educating his minor children, and such part to carry out the other provisions of his will, as was necessary for such purpose, and until his said children should marry, or the youngest should arrive at the age of twenty-one years. His youngest child was only three years old at testator's death.

By the sixth paragraph, he directed, that when and as his children, not then of age, or married, should arrive at the age of twenty-one or marry, his executors should

pay them respectively $1,200, as they might be able to
do so, out of any net surplus money they might then have
on hand uninvested, arising from the rent, income and
profits of his estate, for which, on final settlement and
distribution of his estate, his children should account,
as advancements, with interest from the time they re-
ceived it, respectively.    The $1,200 invested in a new
home for his daughter, Dora, was to be regarded as an
advancement to her.

By the seventh paragraph, he directed, that when his
youngest child arrived at the age of twenty-one, or when
all of his children had married, his executors should sell
all his real and personal property, except the home he
had directed to be provided for his wife (unless she was
then dead), for cash or part cash or on credit not exceed-
ing two years, the money to be distributed between his
wife, who was to receive a child's share and not less
than $5,000, and his children,—including Dora and
William,—the shares of each to be equalized by account-
ing for advancements and interest thereon by those who
had received them.

Paragraph 11 of the will reads: "And it is further ex-
pressly provided, that if my said daughter, Dora Russell,
should die and not leave surviving her any child or chil-
dren, then and in that event the share of my estate here-
in provided for her shall revert back and become a part
of my original estate, and shall be distributed among my
heirs (meaning children) required by paragraph seven
of my will."

The purpose of the testator towards his daughter,
Dora, as well as towards his other children, as has been
stated, is manifest,—that she and they, each, on final
distribution of his estate, should receive an equal share.
It appears that the $1,200 which was to be invested in
a new home for Dora, by way of an advancement to her,
was never made, nor does it appear that the $1,200 ad-
vancements provided to be made to the other children,
out of the rents, incomes and profits, were ever made.
It may be presumed the accumulations in the hands of
the executors did not enable them to make these ad-
vancements as provided; but this fact did not in anywise

impair the right of the several children to share equally on general distribution. This is made clear by the 7th paragraph, providing that when advancements that might be made to each, with interest thereon, were made equal, the balance was to be distributed between the children, share and share alike. Other provisions also manifest this intention. The important question in the case is, whether the legacies of the children were, under the provisions of the will, vested or contingent. If vested, the shares of each child, on its death, intestate, descended to those entitled, under the statute of distribution of the State.—Code, §§ 1453-1462. "The general rules for determining whether a bequest is vested or contingent are, that where the time of division or payment is of the *substance* of the gift, then the legacy is contingent; when time is mentioned only as a qualifying clause of the payment or division, then the legacy is vested. A second rule is, that the law inclines to regard legacies as vested, rather than contingent."—*High v. Worley,* 32 Ala. 709. In the case cited, the estate of the testator was committed to the executor to be held and retained by him,—to quote the language of the will,—"for the use and support of my wife and children * * * until my daughter, Fanny Ann, shall arrive at the age of sixteen years; then to be sold and the proceeds equally divided between my wife and children, share and share alike." The legacies were held to be vested.

The same principle was stated after mature consideration in the case of *Marr v. McCullough,* 6 Port. 507, in substance, that legacies payable after the death of the testator, are either vested or contingent, and when the testator annexes *time* to the *payment only,* the legacy will be vested, but if to the *gift* itself, it will be contingent. To the same effect is *McLeod v. McDonnel,* 6 Ala. 236, a case similar in its essential features, with the one in hand. These decisions have since been repeatedly approved and followed.—*Wynne v. Walthall,* 37 Ala. 42; *Phinizy v. Foster,* 90 Ala. 262; *Bethea v. Bethea,* 116 Ala. 265.

It is shown that Dora, at her death in 1885, left an only son, James Alfred Russell, who died in August, 1895. It also appears that Alfred Andrews, was the

testator's youngest child, and he reached the age of twenty-one on March 22d, 1897, and has never married. By the terms of the will, the latter named date is the one fixed when the executors were to sell the testator's estate and divide the proceeds of the sale among his children.

Taking all the provisions of the will together, we are led to the same conclusion reached by the chancellor,— that the testator did not intend that there should be an intestacy of Dora's share of his estate, if she died leaving a child or children, before the youngest child of testator arrived at twenty-one years, or all his children had married, but that in such case, her surviving child or children should take the share of the deceased mother. James Alfred Russell, on his mother's death, became entitled under the will to her share in the testator's estate, and the complainant, his father, became entitled by inheritance under the statute to the share of said Alfred.

The $1,200 to be invested in a home for Dora, was contingent. It was never made for reasons not fully appearing, and was rendered impracticable of execution by the death of Dora. This provision, may, therefore, be treated as though it had not appeared in the will, and what now remains in the hands of the executors must be distributed amongst those entitled without reference to said provision. The complainant, as we have heretofore held, if he should live until such time, had the right to occupy the house and 80 acres of land, as provided by section 3 of the will, only until the arrival of one of the alternative periods fixed by the will for the sale and distribution of the testator's estate.—*Russell v. Andrews,* 120 Ala. 222.

Rhett Andrews, one of the testator's sons, a minor who never married, died in 1887. This was after the death of his sister, Dora, and before the death of James Alfred Russell, her son. His interest descended to his surviving brothers and sisters, and to said James Alfred. On the death of the latter, the complainant, his father, inherited under the statute, the interest of his said son in the share of said Rhett in the estate of the testator.

[*Ex parte* Barker *et als.*]

The decree of the chancellor overruling the demurrer to the bill is affirmed.

Affirmed.