# Crawford *v.* Engram.

*Bill to Determine a Legacy.*

( Decided Dec. 19, 1907.    45 South. 584.)

1. *Wills; Construction; Vested or Contingent Bequests.*—The rule for determining generally whether a bequest is vested or contingent is that where the time of division is the substance of the gift, the bequest is contingent, but where time is only mentioned as a qualifying clause of payment or division the bequest is a vested one.

2. *Same; Presumption.*—The law regards legacies as vested rather than as contingent and the presumption is that they are vested, when the intention is obscure or doubtful.

3. *Same; Vested or Contingent; Interest.*—The rule that where there are no words importing a gift other than the direction to the executor to divide and pay at a future time the bequest is a contingent one and does not become vested until that time arrives, is not usually applied where the gift is to the legatees by name and the will, as a whole, shows an intent to vest the legacy in the named persons.

4. *Same.*—Under the will under consideration the children named took vested interest in the remainder of the estate subject to the life estate of the wife.

APPEAL from Barbour Chancery Court.

Heard before Hon. W. L. PARKS.

Bill by Annie O. Engram, executor of the will of Major L. Ramser, and others, against Anna V. Crawford, administrator. Decree for complainants, and respondent appeals. Affirmed.

Annie O. Engram, formerly Annie Ramser, filed this bill individually and in her capacity as executrix of the estate of Major Ramser, deceased, to enforce a vested remainder in Major L. Ramser at the time of his death, in the estate of Jacob Ramser, upon the falling in of the life estate by the death of the widow of Jacob Ramser. The administrator and executors of the estate of Jacob Ramser having sold the life estate and were proposing to divide it among the heirs of Jacob Ramser, leaving

out the complainant. The complainant was the wife, of Major L. Ramser and by his will was made the legatee and devisee of all of his estate, including his interest in his father's estate after the falling in of the life estate. The other facts sufficiently appear in the opinion of the court.

PEACH & THOMAS, and C. S. McDOWELL, JR., for appellant. The legacy is a contingent one.—*Patton, et al. v. Crowe,* 26 Ala. 431; 30 A. & E. Ency. of Law, 771; *Andrews v. Russell,* 127 Ala. 201; *Dougherty v. Thompson,* 167 N. Y. 472; *Johnson v. Terry,* 139 Ala. 619. We think the authorities are conclusive on the proposition that where there are no words importing a gift other than a direction to the executors to sell and divide at a future time, the legacy is contingent, and does not vest until that time.—*Goebel v. Wolf,* 10 Am. St. Rep. 467; *Clark v. Camaann,* 160 N. Y. 315; *Warner v. Durant,* 76 N. Y. 315; *Smith v. Edwards,* 88 Id. 92; *Roberts v. Brinker,* 4 Dana 570; *Combs v. Branch,* 4 Id. 548; Bowman's App. 34 Pa. St. 19; McClure's App. 72 Pa. St. 414; *Estate of Rogers,* 94 Cal. 526; *Ebey v. Adams,* 135 Ill. 80; *Neilson v. Bishop,* 45 N. J. E. 473; *Sellers v. Reed,* 88 Va. 377; A. & E. Ency. of Law (2nd Ed.) vol. 30, pp. 771-780; *Marr v. McCullough,* 6 Port. 507. Under item 9 of the will the death of Major Ramser without heirs of his body before the death of the life tenant divested him of any interest in the property so that his expectancy lapsed and fell back into the testator's estate.—*Lewis v. Shropshire,* 68 S. W. 422; *Howell v. Grifford,* 69 N. J. E. 180; *Phyfe v. Phyfe,* 3 Bradf. 45. Wills are presumed to speak not from the time of their execution but from the time of the death of the testator. —35 Ala. 576; 139 Ala. 413; 30 A. & E. Ency. of Law, 709, et seq.; Sec. 4267, Code 1886.

G. L. COMER, for appellee. The legacy not having been assented to the legatee must resort to a court of equity.—*Pettigrew v. Pettigrew,* 1 Stew. 580; *Woods v. Woods,* 3 Ala. 756; *Gause v. Hughes,* 9 Port. 552; *Bonner v. Young,* 68 Ala. 35. Under these authorities it was not necessary to make anyone a party to the bill except the administratrix with the will annexed. The estate left by Jacob Ramser to his son Major Ramser was a vested remainder.—*Kumpe v. Coons* 63 Ala. 452; *Smaw v. Young* 109 Ala. 528. When once vested they are always vested.—*Croxall v. Sherrerd,* 5 Wall. 288.

HARALSON, J.—The first item in the will of Jacob Ramser provides: "It is my will and desire, and I give and bequeath to my beloved wife, during her natural life, the homestead on which I reside, and all the land attached thereto, supposed to be about three acres, also all the household and kitchen furniture in use in my family. It is my further will and desire, that at the time of the death of my said wife, Mary Ramser, said homestead and said household and kitchen furniture shall be sold by my executors hereinafter named, and the proceeds of said sale divided equally between such of my children, as I have made no special provision for, in this my last will and testament, share and share alike."

After making special bequests to all of his children but three, he provides in the eighth item, that his executors sell all the residue of his property, in the manner prescribed therein, and then adds, "And the proceeds thereof shall be divided equally between my three remaining children for whom I have made no special provision in this my last will and testament, towit, Mrs. Mary Bowers, wife of Thomas Bowers, Mrs. Frances R. Tripp, wife of T. H. Tripp, and Major L. Ramser, share and share alike."

[Crawford v. Engram.]

It is thus by this item made certain, if it were not certain before, to which of his children he referred, in item ·1 of his will, in using the expression, that the proceeds of the property mentioned "shall be divided equally, between such of my children, as I have made no special provision for, in this my last will and testament, share and share alike." Without item 8 of the will, the children referred to, in this last clause of item 1, might have been made certain, but in item 8 he declares who they are.

The complainant's contention is, that under the will of said Jacob Ramser, deceased, her former husband, Major L. Ramser, had and held a vested remainder in his portion of the estate of his father, and that as his sole legatee, she inherited and took the vested remainder of her said former husband. By his last will, said Major L. Ramser gave her absolutely and without limitation the property he was entitled to under the will of his father, so that, if he had a vested remainder under item 1 of the will of his father, his wife, the complainant, was entitled to it under his will.

The contention of the defendant is, that the interest of Major L. Ramser, under the will of his father, was a contingent legacy, but if vested, it was divested by the death of the testator prior to the death of the life tenant, Mary Ramser, the wife of said Jacob Ramser.

We need not consider the last proposition, for if the estate of Major L. Ramser, under the will of his father, vested in him, at the death of his father, then the death of the life tenant could not divest it, without provision to that effect in the will of his father, and there was no such provision in his will. The only question, therefore, we have to consider is, whether the legacy of said Major L. Ramser, under item 1 of the will of his father, was a vested or contingent remainder.

[Crawford. v. Engram.]

The chancellor held that the legacy was vested, and complainant was entitled to it under the will of her husband. He rested his opinion, as to both questions mentioned, on the case to which he refers. He said: "It seems to me, that the case of *Smaw v. Young,* 109 Ala. 526, 20 South. 370, settles both of these points after a very full consideration. Upon the happening of the contingency, by which the precedent estate fell in, it is provided in the will construed in said case (*Smaw v. Young*), as follows: 'All of the property shall be equally divided between the surviving children of my daughter, Jane T. Smaw and Sarah A. Smaw.' The will to be construed in this case has the following provision, with reference to the remainder: 'That the property shall be sold by my executors hereinafter named, and the proceeds of said sale shall be equally divided between such of my children as I have made no provision for.' About the only substantial difference between the facts creating remainders in the two cases, is that, in the one, only the survivors of the class should take, there being no such provision in the other. It was there held, after a full consideration of the question, that notwithstanding the provision that only the survivors take, they (the survivors) each possess individually a vested remainder. The case at bar is much stronger than the other, in that the three (who should take) are particularly referred to as parties among whom the division is to be made. It was held in the case above cited, that the (surviving) remaindermen took vested remainders, and in order to carry out the intention of the testator, it was held by the court, that such vested remainder became divested by the death of the party before the falling in of the precedent estate. There being no such intention manifested in this case by the testator, it follows that the remainders are vested remainders, and not subject to be

divested by death before the falling in of the precedent estate. The same argument made by the respondent, would be applicable to the provision of the will in the authority above cited, for in both instances, it was only provided that the property should be divided upon the contingency named, without bequeathing such property either to the executors to sell, or to the remaindermen direct. In both instances it is merely provided, that a division shall be made, and therefore the 'distinction' would apply as well to the one as to the other."

In *High's Adm'r v. Worley's Adm'x*, 32 Ala. 709, it was held that a legacy in the words, "All household and kitchen furniture, and the stock of every description whatsoever (be held and retained by my executor), until my daughter, Fanny Ann, shall arrive at the age of sixteen years; then to be sold, and the proceeds equally divided between my wife and children, share and share alike," created a vested legacy in the children.

The general rule for determining whether a bequst is vested or contingent, is that when time of division is of the substance of the gift, then the legacy is contingent, but when time is mentioned only as a qualifying clause of payment or division, then the legacy is vested.—*Marr v. McCullough*, 6 Port. 507.

The law inclines to regard legacies as vested, rather than contingent, and the rule is applied when the intention is obscure or doubtful.—*Andrews v. Russell*, 127 Ala. 195, 28 South. 703; *Bethea v. Bethea*, 116 Ala. 271, 22 South. 561; *Acree v. Dabney*, 133 Ala. 437, 32 South. 127.

While it is "a general rule, where there are no words importing a gift other than a direction to the executors to divide or pay at a future time, the legacy is contingent and does not vest until that time arrives," yet "the rule has been most generally applied in cases where the

gift is to children or grandchildren, as a class, and the beneficiaries, as to their identity and number, can only be definitely ascertained at a future time. The courts will hesitate to apply the rule where the gift is to legatees by name," particularly where an inspection of the "four corners of the will" shows a different intent.—3 Am. & Eng. Ency. Law (2d Ed.) 771, 773, and notes.

It appears from the entire will that he had provided for his other children, and that his intention was to appropriate the remainder of his estate to the three children named, subject to the enjoyment of the life estate by the wife.

We are led to approve the decision of the chancellor, holding that complainant's husband took a vested interest in the estate of his father, to which she succeeded and was entitled under the will of her husband.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.