### JACKSON v. LANE. (7 Div. 572.)

(Supreme Court of Alabama. June 18, 1925.)

**1. Mortgages ☞594(1)—Devisee of mortgagor has statutory right of redemption.**

Devisee of mortgagor is named in Code 1923, §§ 10140, 10155, as having statutory right of redemption of lands sold under mortgage; right or privilege being personal to devisee, to be exercised within limited time in statutory manner.

**2. Mortgages ☞599(1)—Right of mortgagor's devisee to redeem not postponed to ascertain condition of decedent's estate nor conditioned on its solvency.**

Code 1923, § 10155, does not postpone exercise of right of redemption by devisee of mortgagor to ascertain condition of estate of deceased mortgagor, nor is devisee's right conditioned on solvency of estate.

**3. Mortgages ☞614—Bill by mortgagor's devisee to redeem not prematurely brought.**

Bill by devisee of mortgagor to redeem from foreclosure *held* not premature because filed before the lapse of 12 months after beginning of administration.

**4. Mortgages ☞616—Averments that personalty of estate was sufficient to pay debts or that estate was solvent held unnecessary.**

In suit by mortgagor's devisee to redeem land sold under mortgage, as plaintiff's right was not dependent on condition of estate, it was unnecessary to aver or prove that personalty of estate was sufficient to pay debts, or that estate was solvent.

**5. Wills ☞820(4)—Specific legacies held under will to be charge on entire estate.**

Where specific bequests of money were not charged against any special property, and residue of estate was devised to complainant, special legacies were charge on entire estate, and, in absence of sufficient personalty, became charge on lands.

**6. Wills ☞630(13)—Fact that money legacies were charge on equity of redemption did not prevent devise vesting in complainant.**

Where testator made specific bequests of money, not chargeable against any special property, and bequeathed residue to complainant, the fact that money legacies were charge on equity of redemption in mortgaged lands did not prevent vesting of devise.

**7. Mortgages ☞615 — Neither executor nor legatees of mortgagor necessary parties to bill to redeem by devisee.**

In bill by devisee to redeem land from mortgage foreclosure, neither executor nor legatees were necessary parties; redemption by devisee not inuring to estate.

Appeal from Circuit Court, Cleburne County; R. B. Carr, Special Judge.

Bill in equity by Mrs. E. A. Lane against H. A. Jackson and another to redeem from mortgage foreclosure. From the decree, respondent Jackson appeals. Affirmed.

From the bill (filed February 1, 1924) it appears that Oscar F. Cunningham died June 16, 1923, leaving a will, which was duly probated, and which provided in part as follows:

"(1) I desire and direct that my just debts be paid by my executors as soon after my death as may by them be found practicable and convenient.

"(2) I give to my son, J. Claude Cunningham, my clock and five dollars ($5.00), and to my daughter, Mary E. Geismer, my wicker rocking chair and five ($5.00) dollars, and to my son, Oscar F. Cunningham, my gun and five ($5.00) dollars, and to my grandson, Oscar Geismer, my watch.

"(3) All the rest and residue of my estate, both real and personal and mixed of which I shall or may die seized and possessed, or to which I shall be entitled at my death, I give, devise and bequeath to Mrs. E. A. Lane, my housekeeper, who has nursed and cared for me during my affliction."

Further it appears:

Cunningham at the time of his death owned and was in possession of the property here involved, which constituted the "rest and residue" of his estate, with the exception of certain furniture and fixtures. In January, 1921, Cunningham became indebted to one Milligan, and executed to Milligan a mortgage on the real property in question to se-

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cure the mentioned indebtedness. This mortgage was transferred to one Geismer, who, on December 3, 1923, foreclosed it and sold the property, himself becoming the purchaser, and to whom possession was surrendered by the complainant. After foreclosure and purchase as aforesaid, Geismer sold and conveyed the property to respondent Jackson.

On January 18, 1924, complainant made written demand upon respondent Jackson, vendee of the purchaser at foreclosure sale, for a statement of the debt and all lawful charges claimed by him as purchaser of the property in question, with which demand respondent failed and refused to comply.

Complainant offers to pay to respondent or to the register of the court whatever amount may be ascertained to be necessary to effect redemption of the real estate.

By amendment to the bill, it is made to appear that respondent Jackson made a partial payment on the purchase price of the property to Geismer; that Geismer placed the deed in a bank to be delivered to Jackson upon payment by him of the balance; that complainant also made written demand upon Geismer for a statement of debt and charges due to him as purchaser of the property; and that Geismer has failed and refused to furnish such statement. Offer is made to pay to Geismer or the register the amount necessary to redeem, and Geismer is made a party respondent. By a second amendment to the bill complainant offers to pay the indebtedness of Cunningham's estate and to pay the specific devises provided in his will.

Respondent interposed these grounds of demurrer to the bill:

First. For that there is no equity in the bill.
Second. For that said original bill shows on its face that complainant is a residuary legatee and title has not vested in her.
Third. For that complainant does not allege that the estate owes no debts, and does not offer to pay the debts, should there be any debts.
Fourth. For that complainant does not allege that the legacies have been paid or offer to pay the same.
Fifth. For that the bill shows on its face that 12 months, the statutory period for filing claims, have not elapsed since the beginning of the administration of the estate of O. F. Cunningham, deceased.
Sixth. For that complainant fails to make the personal representative of O. F. Cunningham party.
Seventh. For that complainant fails to make the heirs or devisees of O. F. Cunningham parties.

From the decree overruling demurrer, Jackson alone appeals.

Merrill & Jones, of Heflin, for appellant.

The residue of an estate is that which remains after all paramount claims are satisfied, and is ascertained at the time of settlement of the estate. 34 Cyc. 1658, 1660; 40

Cyc. 1570; Amer. Mortg. Co. v. Boyd, 92 Ala. 139, 9 So. 166; Kirkman v. Mason, 17 Ala. 134; Stakely v. Ex. Comm., 145 Ala. 379, 39 So. 653; Farris v. Stoutz, 78 Ala. 130. The debts and legacies are a charge on the real estate. Gorman v. McDonnell, 127 Ala. 549, 28 So. 964. The personal representative and heirs and legatees are necessary parties to the bill. 24 C. J. 801, 805; 27 Cyc. 1851; Gould v. Hayes, 19 Ala. 438; Phillips v. Threadgill, 37 Ala. 93; Marbury Lbr. Co. v. Posey, 142 Ala. 394, 38 So. 242.

Hugh Walker, of Anniston, for appellee.

Appellee was the sole devisee, and took the property subject to the mortgage. She is entitled to redeem. Blakeney v. DuBose, 167 Ala. 637, 52 So. 746; Maybury v. Grady, 67 Ala. 147. The right to redeem vested in appellee at the instant of foreclosure. Francis v. White, 142 Ala. 602, 39 So. 174.

BOULDIN, J. [1] A devisee of the mortgagor is named in the statute as one of the persons having a statutory right of redemption of lands sold under mortgage. Code, §§ 10140, 10155. This right or privilege is personal to him, to be exercised within a limited time in the statutory manner. Allison v. Cody, 206 Ala. 88, 89 So. 238; Toney v. Chenault, 204 Ala. 329, 85 So. 742; Lehman v. Moore, 93 Ala. 186, 9 So. 590; Powers v. Andrews, 84 Ala. 289, 4 So. 263; Mewburn v. Bass, 82 Ala. 622, 2 So. 520.

[2] The statute does not postpone the exercise of the right of redemption to ascertain the condition of the estate of the deceased mortgagor, nor is the right of the devisee to redeem conditioned on whether the estate is solvent or insolvent. A postponement to ascertain whether the property, but for the sale under the mortgage, would have been consumed in the payment of debts and special bequests, and the devisee therefore take nothing, would, by reason of the limited time given for redemption, often defeat that right. The statutory interest of 10 per centum per annum, with taxes and other lawful charges, required to be paid the purchaser on redemption, without an accounting for rents on his part, tends also to rapidly decrease the value of the redemption privilege.

[3] We conclude the bill was not prematurely filed.

[4] Moreover, as before stated, the right of the devisee to redeem is not dependent on the condition of the estate, and it is not necessary to aver or prove that the personalty of the estate is sufficient to pay the debts, or that the estate is solvent.

[5] The will makes specific bequests of chattels, some small legacies aggregating $15, payable in money, not charged against any special property, and devises and bequeaths "all the rest and residue of my estate, real and personal," to complainant. Un-

der a will of this kind, the special legacies are a charge on the entire estate, and, in the absence of sufficient personalty to pay debts and legacies, become a charge on the lands. Gorman v. McDonnell, 127 Ala. 549, 28 So. 964.

[6] The bill making no averments as to the value of the personal estate, nor the amount of indebtedness, it may be taken on demurrer as admitting the money legacies were a charge on the equity of redemption in the lands before it was cut off by foreclosure. But this did not prevent the vesting of the devise in complainant, if it be assumed that a vested, rather than contingent, devise is necessary to give the status of a devisee entitled to redeem under the statute.

[7] Neither the executor nor the legatees of the mortgagor are necessary parties to the bill. Appellant's argument to the effect that the executor, as the representative of creditors, should be a party to the accounting required to ascertain the amount to be paid on redemption, proceeds on a mistaken view of the nature of the action. This is not a redemption from an existing mortgage wherein the equity of redemption is made available for the payment of debts. The equity of redemption was cut off by the foreclosure. A complete title is vested in the purchaser, subject to a statutory right to redeem—a personal privilege to repurchase. A redemption by the devisee does not inure to the estate.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.