148 So. 406

## BETTS v. RENFRO et al.

### 5 Div. 132.

Supreme Court of Alabama.

May 18, 1933.

**638**

Denson & Denson, of Opelika, for appellant.

Jacob A. Walker, of Opelika, for appellees.

GARDNER, Justice.

N. F. Renfro died February 25, 1927, leaving a last will with codicil thereto, which appear in the report of the case, and which was duly probated March 12, 1927. The will bears date of March 29, 1924, at which time testator's wife and four children were living, one of whom was the daughter Myrtis Renfro Varner, a beneficiary under the will with equal share in the estate as the other three children.

The will as originally drawn provided for the estate to be managed by the executors and held together for a period of ten years before distribution, the annual income to be paid, two-fifths to the widow and the remaining three-fifths to be equally divided among the four named children.

It is conceded that it may be reasonably inferred the estate was of some magnitude, and it is evident the will was drawn by a skilled hand. The testator was careful to provide that, if at the time of distribution any of the

named beneficiaries should be dead, the equal division was to be among the survivors, unless there should be then living a lineal descendant of either of the named children, in which event such descendant would take in the distribution the share which would have been taken by its or their ancestor.

In subdivision 1 of item 3 of the will was a provision for keeping the estate together for ten years after testator's death, and "thereafter until written request is made for distribution as hereinafter provided"; and in item 5 the matter of distribution is dealt with more particularly with reference to the ten-year period and written request of the wife or either of the four children.

But, after the execution of this will, and on March 5, 1926, testator's daughter, Myrtis Renfro Varner, died, leaving two minor children, viz. Jule Varner and William David Varner, and her husband, Julian Morgan Varner, surviving. It is evident that, to meet this changed situation, testator on November 22, 1926, executed the codicil to his will. By the terms of this codicil, it is first stipulated that subdivision 1 of item 3 of the will be changed so as to substitute a period of five years instead of ten years that the estate be kept together as in the will, and the changed provision omits any reference to the matter of written request for distribution.

Testator next revokes the bequest and devise to his daughter Myrtis Renfro Varner, and makes the division between the three children then surviving. Then follows the third item of the codicil (constituting the subject matter of this litigation), wherein the testator gives to his two grandsons, David and Jule Varner, sons of this deceased daughter, Myrtis Renfro Varner, the sum of $5,000 each, to be paid out of his estate when divided at the expiration of the five-year period.

Some time after the probate of the will, and on December 3, 1930, the minor grandson Jule Varner died intestate, and on March 22, 1932, Julian Morgan Varner, the surviving husband of Myrtis Renfro Varner (but who had remarried), also died intestate, leaving surviving his widow, Jessie B. Varner, and his son, David Varner. W. A. Betts, as administrator of the estate of Julian Morgan Varner and William David Varner by his guardian, Charles M. Varner, are parties complainant to this bill.

More than five years have elapsed, and the executors, upon demand, decline to pay these pecuniary legacies. They insist the gift to the grandsons under the third item of the codicil were never vested, but contingent upon their survival of the five-year period, and that, therefore, the estate of Jule Varner is entitled to nothing. Or, failing in this contention, it is urged that, if these legacies became vested, they were nevertheless subject to survivorship for the five-year period, and that as to Jule Varner he took a defeasible estate or interest which was defeated by his death prior to the expiration of said period. McGlathery v. Meeks, 219 Ala. 89, 121 So. 67. And, in any event, it is argued the payment of such legacies would be premature, as there has been no written request by the widow or any of the testator's children named in the will for a distribution of the estate.

The cardinal rule, and one above all others for the construction of wills, is to ascertain the intention of the testator, and give it effect if not prohibited by law. O'Connell v. O'Connell, 196 Ala. 224, 72 So. 81. Rules of construction are adopted as an aid to the court in ascertaining the intention of the testator when doubtful from the provisions of the will, but the intention of the testator is always the polestar in the construction of wills. O'Connell v. O'Connell, supra.

A familiar rule of construction is that the law favors a vested rather than a contingent estate (McGlathery v. Meeks, supra), and another equally familiar that, where a codicil is made to a will in which is declared a deliberate purpose to change the will, the courts must observe with care the mandates of the codicil embodying the change. Smith v. Smith, 157 Ala. 79, 47 So. 220, 25 L. R. A. (N. S.) 1045.

"The law favors the construction by which the estate is regarded as vested rather than contingent, or by which it will become vested at the earliest moment; and this time is usually at the death of the testator. * * * In Duncan v. De Yampert, 182 Ala. 528, 62 So. 673, it is declared that the intent to postpone the vesting of an estate must be clear, and not arise from mere inference or construction." Pearce v. Pearce, 199 Ala. 491, 74 So. 952, 954.

In Crawford v. Carlisle, 206 Ala. 379, 89 So. 565, 566, the general rule is summarized in the tenth headnote as follows: "If futurity is annexed to the substance of a gift, it is 'contingent'; if merely annexed thereto as the time of payment, enjoyment or delivery of possession, it is 'vested.'" See, also, High's Adm'r v. Worley's Adm'r, 32 Ala. 709; Andrews v. Russell, 127 Ala. 195, 28 So. 703; Crawford v. Engram, 153 Ala. 420, 45 So. 584.

These rules of construction appear to be in harmony with the natural and logical interpretation of the language of the codicil. In the will as originally drawn, the daughter, Myrtis Renfro Varner, shared equally with the other children. But upon her death the testator determined upon a different course, and did not see fit to place her two sons in her stead. Their father was then living, and doubtless he saw no necessity for provision for their support during the five-year period, and he evidently decided upon a lump sum of money for each with no further interest in the estate. The codicil was drawn with the same

skill and care as the original will, and it makes these gifts absolute and certain with no qualifications whatever attached thereto, save the postponement of their payment until after the five-year period.

Dealing with his own children and the distribution to them of his estate, he was careful to provide against the death of any one of the beneficiaries, but evidently did not consider these pecuniary gifts (doubtless much less than each would have received had the grandsons gotten their mother's share of the estate) as of such importance as to demand such special care, especially in view of their youth.

█ True, could testator have foreseen what has happened, the death of one grandson, the remarriage of his son-in-law, and his subsequent death, with the result that a portion of the gift may go to one a stranger to his blood, he would not have willed it so. But these were contingencies against which he did not see fit to provide, and the courts may not make a will for him, nor incorporate provisions not expressed in the will, unless the will itself shows such to have been the testator's intention. Ralls v. Johnson, 200 Ala. 178, 75 So. 926.

██ We must gather the testator's intent from the four corners of the will, which of course embraces the codicil, and as to these gifts it is clear no futurity is annexed to the gifts themselves but only as to their time of payment. Thus considered, these pecuniary legacies became vested at the death of the testator. Nor is there any language in the will indicating that such a vested interest was defeasible and to become defeated upon the death of either beneficiary prior to the expiration of the five-year period. The expiration of this period was merely the time fixed for payment and nothing more.

The language of the will in McGlathery v. Meeks, supra, is without any analogy here, and nothing in that authority lends support to a contrary conclusion.

█ The argument that, notwithstanding the five-year period has elapsed, these legacies are not yet payable because of no written request of the widow or any one of testator's three named children for distribution of the estate, is also without merit. The codicil is the last expression of the testator's will, and, if repugnant to other provisions in this regard, will be held to prevail. Ralls v. Johnson, supra.

It is significant that the codicil so changed subdivision 1 of item 3 of the original will as to omit any reference to such written request, and, while such written request remains in item 5 of the will, this is with reference to a settlement and distribution of the whole estate among the widow and the three children.

As to the payment of these pecuniary legacies to the grandsons, we think the language clearly indicates the testator's intention that the $5,000 each was to receive was payable at the expiration of five years, and that he contemplated a settlement or distribution at that time as to this particular interest at least. The testator's express will is that they be given this lump sum, which was evidently intended to compensate them in part at least for their mother's share of the estate, and it would appear unreasonable to suppose that it was his further intention that the payment of these sums of money should be left at the discretion and will of the widow or one of his children as to when they would make a written request for distribution of the estate. We are of the opinion that the omission of any reference thereto in the codicil clearly indicates that as to the payment of these sums the matter of a written request for distribution of the whole estate was without application.

█ The bill alleges the property of the estate is more than sufficient for the payment of these legacies, and it is argued this is insufficient, for that the bill should more in detail describe the financial condition of the estate. We think this a matter that arises during the course of administration of the estate. As to creditors, the court will see to it their interests are safeguarded to the limit of the property of the estate liable for the satisfaction of their claims. Anderson v. Steiner, 217 Ala. 85, 115 So. 4. And, if the estate proves insufficient for all purposes, the law makes provision for abatement (Powell v. Labry, 210 Ala. 248, 97 So. 707), and other questions are to be considered as to what extent the payment of these legacies are a charge upon the estate and what preferences they are to be entitled. Upon these matters no opinion need be expressed, but as having bearing thereon the cases of Powell v. Labry, supra, and Gorman v. McDonnell, 127 Ala. 549, 28 So. 964; Jackson v. Lane, 213 Ala. 344, 105 So. 223; Pearce v. Pearce, supra; Thompson v. Bank of Tuskegee, 199 Ala. 67, 74 So. 37; White v. Easters, 38 Ala. 154; Fowlkes v. Clay, 205 Ala. 523, 88 So. 651, may be consulted.

All that is necessary here to determine is that the bill was not deficient in this regard.

█ The legatees under the will had the right of removal of the administration into a court of equity (Tarver v. Weaver, 221 Ala. 663, 130 So. 209), and the parties disagreeing as to the proper construction of the will, to have the same construed. Carroll v. Richardson, 87 Ala. 605, 6 So. 342; Ashurst v. Ashurst, 175 Ala. 667, 57 So. 442; Naugher v. Hinson, 211 Ala. 278, 100 So. 221.

What has been said suffices to show our conclusion there was error in the decree sustaining the demurrer to the bill.

The decree will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.