## Bumpass v. Webb.

1. The plaintiff recovered a judgment at law against the defendant, to restrain the collection of which, an injunction was awarded at the instance of the latter, and the usual bond executed; the injunction being dissolved, the defendant's land was sold under a *fieri facias*, and the plaintiff became the purchaser thereof; an action being brought to recover the possession, on the trial the plaintiff offered in evidence, the record of the case, in which the judgment had been recovered: *Held,* that the evidence was admissible, notwithstanding it was objected, that the deed from the sheriff, the decree dissolving the injunction, and the injunction bond were not produced.
2. If one against whom an action is brought to recover the possession of land, would put an end to the suit, and prevent the recovery of damages, for a longer period of occupancy, he should make a disclaimer in open Court, or in some other manner, and yield the possession to the plaintiff.
3. In an action to recover the possession of land, a verdict and judgment which conclude the matter in controversy, may be aided by the description of the premises in the declaration.
4. In an action of trespass to try titles, the plaintiff may recover damages beyond the sum laid in the writ and declaration.
5. The quashing of a writ of *fieri facias*, after it has been executed, does not necessarily avoid all proceedings, which have been had under it.
6. All reasonable intendments are made in favor of the regularity of the proceedings of Courts of general jurisdiction; and *Semble,* that an appellate Court will not reverse a judgment *on error,* because at some term previous to the trial, a judgment of non-suit was set aside at defendant's cost, though in such case he might not be remediless.

Writ of error from the Circuit Court of Lauderdale.

THIS was an action of trespass, brought by the defendant in error, against the plaintiff in the Circuit Court of Lauderdale, as well to try title to eighty acres of land, as to recover damages for its occupation.

The cause was tried on the plea of "not guilty." On the trial, a bill of exceptions was certified, at the instance of the plaintiff in error; from which, among other things, it appears, that the plaintiff below, claimed title to the premises in question, under a purchase made at a sale, in virtue of an execution, at the suit of himself against the defendant. The plaintiff offered in evidence, the record of the cause in which the execution issued, but the defendant objected to its admission: *First,* because the deed from the sheriff was not produced: *Second,* because

the decree dissolving the injunction which had been granted to restrain the execution of the judgment on which that execution issued, and the injunction bond, to which was given the effect of a judgment, were not shown; but his objection was overruled, and the evidence was read to the jury.

The writ of *fieri facias*, on which the land was sold, recited the injunction bond, and the dissolution of the injunction ; and the defendant below, by his counsel, moved the Court to charge the jury, that in order to make out the plaintiff's title, it was necessary for him to produce that bond, and the decree by which the injunction was dissolved: but the Court overruled the motion.

It appeared, that more than three years previous to the trial, the defendant below, ceased to occupy the premises; but there was no proof that the plaintiff was informed thereof. The Court instructed the jury, that the plaintiff, if entitled to recover the land, was entitled to damages for the period intervening between the time of abandonment and the trial.

The land sued for, is described according to its legal division and sub-division, yet the jury merely say "they find the land for plaintiff, and also assess the plaintiff's damages," &c. The judgment is, that the plaintiff recover the damages assessed, &c., with costs and that " a writ of restitution be issued to the plaintiff, &c."

The damages are laid both in the writ and declaration, at " five hundred dollars," while those assessed by the jury, exceed eleven hundred.

In the record, we find the following entries; the first made at October Term, 1834, the latter, at April Term, 1835.

"John Webb,   }   Motion by the defendant to quash the
     v.      } execution, in this cause, and for sufficient
Gabriel Bumpass. } cause appearing, it is considered that said execution be quashed."

" John Webb   }   Motion to set aside a non-suit and mo-
     v.      } tion sustained, with defendant's paying
Gabriel Bumpass, } the costs of this Term."

These are the only parts of the record brought to the view of the Court by the assignment of errors.

The plaintiff assigns for error:

1. The Court improperly admitted the evidence objected to, as shewn by the bill of exceptions.

2. The Court erred in refusing the instruction asked for, and also in the charge given to the jury.

3. The verdict and judgment do not describe the land sued for.

4. The damages assessed by the jury, exceed those laid in the writ and declaration.

5. The execution being quashed, the title of the plaintiff was itself extinguished.

6. It was irregular to tax the defendant with costs upon setting aside a non-suit on plaintiff's motion.

PETERS, for plaintiff in error.
McCLUNG, for defendant.

COLLIER, C. J.—1. In respect to the admission of the record of the cause in which the execution issued, under which the defendant in error purchased, we can discover no error. There was no necessity for producing the sheriff's deed to the premises, in order to let in proof of the record; conceding that, that paper was an essential link in the chain of title, yet its non-production, did not warrant the exclusion of other evidence material and pertinent. The plaintiff in error could not have been prejudiced, for it was entirely competent for him to have asked the Court to instruct the jury as to the legal effect of evidence; and if he deemed it necessary to his protection, he should have called upon the Court to charge them, that in the absence of the deed, the case had not been made out.

It may be observed, that the plaintiff in error, was the defendant in the execution referred to, and that the land now in dispute, was sold as his property. Now it may be true, that where one is seeking to recover upon a title acquired by purchase at a sheriff's sale, he should show a judgment, yet that principle is not applicable to a case circumstanced as the present. Here, the objection is not that there was no judgment, but, that the judgment had been suspended in its operation by an injunction, which for any thing appearing to the contrary, is still in full force. The injunction did not vacate the judgment, it merely inhibited its execution, until the case should be

passed on by a Court of Equity. Should an execution issue in the meantime, is despite of the injunction, it would not be void, but merely voidable, and a sale under such process before it had been vacated by the judgment of a Court, would confer upon the purchaser a good title. The injunction bond was not essential to charge the plaintiff in error, because, as we have seen, independently of it, there was a judgment against him. The non-production then, of the proceedings in Chancery, could not at all prejudice, the right of the plaintiff below to recover.

2. The idea that the defendant, in an action to recover the possession of land, and damages for its occupation, is not chargeable with damages beyond the period of his actual possession, where he ceases to occupy pending the suit without notice to the plaintiff, is clearly indefensible. The plaintiff is not bound to know, whether the land continues to be occupied, nor if the possession becomes vacant, pending the litigation, is he obliged to inquire, whether, the defendant in removing from it, intends to relinquish to him the title and possession. But if the defendant would put an end to further controversy, it is very easy for him to cause a disclaimer to be made in open Court, or in some other manner to renounce his title, and yield to the plaintiff the possession; when this is done, he may insist upon an abatement of damages, at least after the close of the current year.

3. The omission to describe the premises in question, in the verdict and judgment, is unimportant. They are described with sufficient particularity in the declaration, and to that the verdict and judgment must be understood to refer. True, the judgment entry is eminently informal, but it is sufficient to inform us what the Court intended to do, and is conclusive of the matters in controversy.

4. It is objected that the damages laid in the delaration, did not authorise the assessment made by the jury. The precise question raised by this objection, was made in Campbell v. Judson, at June, '36. There, the damages were laid at two thousand dollars, and the jury assessed them at five thousand one hundred and twenty dollars. The Court considered the case of McWhorter v. Standifer, (2 Porter's Rep. 519,) as decisive of the question, and consequently affirmed the judgment of the Circuit Court, without a written opinion.

5 and 6. In respect to the entries in the record, quashing an execution, and setting aside a non-suit and charging the defendant with the costs of the term, it may be said, that unexplained as they are, it is difficult to understand them. The record no where informs us, that an execution had issued in this cause, and it is insisted that we must intend, that the execution referred to, is the one under which the land in dispute was sold. Such an intendment, cannot, with propriety be made from the brief recital in the record. But even if it could, the plaintiff in error, would not be benefitted, as the quashing of an execution, will not necessarily divest a purchaser's title.

The record contains no entry of a judgment of non-suit, nor does it appear that an execution for the costs of a term issued against the plaintiff in error: It may then, in the absence of any thing to explain it, and under the influence of the rule, which makes all reasonable intendments in favor of the proceedings of Courts of justice, be supposed that the entry was a mere correction of a decision of the Court, not then recorded ; and serves to show that the plaintiff should not have been nonsuited, and that the defendant, for some default, should pay costs, not that the costs were the consequence of setting aside the non-suit. Or, it is possible, that there is a clerical error in charging the defendant, instead of the plaintiff with costs, which the Circuit Court can correct. Be this as it may, we are strongly inclined to the opinion, that such an entry as that shown by the record, even though in itself erroneous, must be controlled and corrected in some other manner than by a writ of error, to revise the final judgment.

This view is decisive of the case, and the consequence is, that the judgment of the Circuit Court is affirmed.