# Griffith v. Rudisill. Exec., &c.

*Bill in Equity by Executor to enforce Equity of Redemption.*

1. *Redemption; executor of mortgagor can maintain bill to enforce equity of redemption.*—The executor of a deceased mortgagor, although the will of his testator confers on him no special power to that end, has authority and power to redeem the lands of his testator from a mortgage executed by him, and for this purpose can maintain a bill in equity to enforce the the equity of redemption under said mortgage; the executor being entitled to the possession of the land of his testator.

APPEAL from the Chancery Court of Greene.

Heard before the Hon. THOMAS H. SMITH.

The bill in this case was filed by Hubbard Rudisill, as executor of the last will and testament of John C.

[Griffith v. Rudisill, Exec. &c.]

Woodward, deceased, against Walter Griffith, a half brother of deceased, and who is not mentioned as the beneficiary under the will. John C. Woodward died on or about the 1st day of December, 1902. His will wns admitted to probate and complainant qualified as executor thereunder on the 7th day of January, 1903. This bill was filed on the 11th day of February, 1903. The purpose of the bill is to be allowed to redeem from under a certain mortgage given by complainant's testator to one A. D. Glover, which mortgage has never been foreclosed, but which has been transferred to and is now held by the respondent. This mortgage covers certain lands belonging to the estate of said decedent. It is further sought to have the court vacate an attempted foreclosure of a different mortgage held by the respondent on said lands, on the ground that said mortgage had been paid before foreclosure, and on the same ground to have certain conveyances made under such attempted foreclosure set aside and cancelled. It is alleged in the bill that complainant's testator left no record of said indebtedness, and that complainant does not know and can not ascertain the exact amount due on the Glover mortgage to the respondent, and that the respondent will not render a correct statement of such amount. On this state of facts an accounting is prayed, and the respondent, being in possession of the lands and collecting the rents and profits, an accounting is asked for the rents and profits during the period the respondent has been in possession. The respondent moved to dismiss the bill for want of equity and also demurred to the bill. The cause was submitted for decree on said motion and demurrer, and the chancellor rendered a decree denying the motion and overruling the demurrer. The ground of the demurrer is sufficiently shown in the opinion. From this decree the respondent appeals to this court, and assigns the rendition thereof as error.

ABRAHAMS & SIMON, for appellant.—"No person can come into a court of equity, for a redemption of a mortgage, but he who is entitled to the legal estate of the mortgagor or claims a subsisting interest under him."— *Rapier v. Gulf City Paper Co.,* 64 Ala. 330; *Butts v.*

*Broughton,* 72 Ala. 294. "The 'executor or administrator has no interest in the lands of his testator. They pass, as at common law, to the devisee or heir *eo instanti* the death of the ancestor, subject to be intercepted by the exercise by the personal representative of the power conferred by statute. But this is a bare power with which the statute clothes him, to be exercised in the mode and for the purpose expressed in the statute, —to pay debts, or to effect an equitable division between the heirs or devisees."—*Louisville & Nashville Railroad Co. v. Hill,* 115 Ala. 345; *Stovall v. Clay,* 108 Ala. 105.

"The equitable right of redemption upon the death of the mortgagor passes to his heir."—*Raney v. McQueen,* 121 Ala. 194; *Howser v. Cruikshank,* 122 Ala. 256; *Pitts v. American Freehold Land Mortgage Co.,* 123 Ala. 469; 2 Jones on Mortgages (5th ed.) §§ 1055, *et seq.* See also *Graham v. Watkins,* 73 Ala. 127; *Ward v. Patton,* 75 Ala. 207; *Perkins v. Winter,* 7 Ala. 855; *Duval v. Bank,* 10 Ala. 636; *Bolling v. Jones,* 67 Ala. 508; *Taylor v. Crook,* 136 Ala. 371.

HARWOOD & McKINLEY, *contra.*—Chancery has exclusive jurisdiction of a proceeding to exercise the equity of redemption.—*Farris v. Houston,* 78 Ala. 256; *Brown v. Prize,* 119 Ala. 10; *Teague v. Corbett,* 57 Ala. 539; *McNeil v. McNeil,* 36 Ala. 110; 11 Amer. & Eng. Encyc. of Law, (2d ed.) 911, 1063. In the case of *Banks v. Spiers,* 97 Ala., on page 562 of the opinion the Court said: "We have held that the administrator, as such, is clothed by our statute with the right to the possession of the realty for the purpose of administration, and that that right, when asserted by him, dominates and intercepts the descent of the lands to the heir.—*Calhoun v. Fletcher,* 63 Ala. 574; 3 Brickle's Digest, 464, Sec. 146."

HARALSON, J.—The bill was filed in the chancery court of Greene county by Hubbard Rudisill, as executor of John C. Woodward, deceased, against the defendant and appellant, Walter Griffith, having for its object the enforcement of the equity of redemption of

the mortgage attached to the bill as exhibit D, known in the pleadings as the Glover mortgage.

There was a demurrer interposed on several grounds, which was overruled, and the only error insisted on is, that the executor,—the will of the testator having conferred on him no special power to that end,—was without power to redeem the land in question from said mortgage. Defendant's counsel say in their brief, that this is the only question presented for review, and no other is insisted on.

The bill shows that the testator died on the 1st day of December, 1902; that the will was filed by complainant in the probate court of Greene county, for probate, on the 3rd day of December, 1902, and was duly probated on the 5th of January, 1903; that on the 7th of that month, the complainant qualified as executor of said will, and took upon himself the administration of said estate, which is now in course of administration in said probate court. It is further shown, that on the 2nd of December, before the burial of the body of the testator, the defendant proceeded to advertise for sale the lands in question, under a power of sale in an old mortgage, which, as alleged, had been fully settled and paid by testator, and on the 29th of the same month, sold said lands under said mortgage, and through his agent became the purchaser of said lands for $611.00, and caused deeds to be executed, so as to convey the title to himself; and thereupon, took possession of said lands, and rented out a large part of them, and is now, by himself and tenants in possession of all of said lands, claiming to own the same. It is further averred that the foreclosure under said mortgage which had been fully paid, was a fraudulent device, gotten up to defraud and deprive the estate and heirs of deceased of said lands. This bill was filed, for the purpose stated, on the 11th day of February, 1903.

Upon the death of the owner real estate passes, as at common law, to the devisee of the testator or heirs of the intestate, subject to be intercepted by the exercise of the personal representatives, of the power conferred on them by statute in the mode and for the pur--

poses expressed,—to pay debts, or to effect an equitable division between the heirs or devisees.—*L. & N. R. R. Co. v. Hill,* 115 Ala. 345; *Stovall v. Clay,* 108 Ala. 105; *Banks v. Speers,* 97 Ala. 560.

By statute in this State, the powers of an executor or administrator at common law as to the lands of a decedent, have been greatly extended. He may rent the defendant's lands, publicly or privately, as provided by section 154 of the Code. Lands may be sold by an executor, or by an administrator with the will annexed, for the payment of debts, when the will confers no power to sell for such purpose, or in case of intestates, when the personal estate is insufficient for the purpose.—Code, § § 155, 156. He may also petition and have the lands of the estate sold, when the same cannot be equitably divided among the heirs or devisees.—§ § 157, 158, Code.

Executors and administrators are also required to give bond with sureties in a sum not less than double the value of the personal property, and double the estimated value of the rent of the real estate of the decedent, for a term of three years, or at the discretion of the judge of probate, in a sum not less than double the estimated value of the real and personal property of the estate.— § 66, Code.

Touching these questions, this court has said: "The statutory system subjecting lands descended or devised to administration, rendering them liable to the payment of the debts of the ancestor or testator, conferring upon the personal representative authority to rent them, or to intercept the descent, or the taking effect of the devise, by obtaining from the court of probate a decree to sell them for the payment of debts, or to make equitable distribution to and among the heirs or devisees, has long been construed as vesting in the personal representative the right and capacity to maintain all necessary suits to recover possession of them. *    *    *    *    *    * The effect of the statutory system, and the result of the decisions, is that the personal representative, because of the authority over the lands with which he is clothed, is entitled to maintain any action for the recovery of lands which the heir or devisee can by the common law

[Griffith v. Rudisill, Exec. &c.]

maintain. The right of the heir or devisee yields to the right of the personal representative when he elects to assert it."—*Landford v. Dunklin,* 71 Ala. 605.

Lands are thus made assets of the estate for the payment of debts, and the personal representative has the right to possess and claim them, his claim dominating that of the heir. "If made before the expiration of eighteen [now twelve] months after the estate was committed to administration, the heir is powerless to resist his claim of possession; for it cannot then be known with certainty that the lands will not be needed for the payment of debts." After this period he has only a *prima facie* right of possession, overcome by the showing on the part of the heir or devisee, that the administrator or executor has no need for the possession of the lands, for the purpose of administration.—*Banks v. Speers,* 97 Ala. 569; *Butts v. Broughton,* 72 Ala. 294; 11 Am. & Eng. Ency. Law, 1039; 17 Ency. Pl. & Pr. 950; 2 Story's Eq. Jur. § 1023; 2 Jones on Mortgages, 1055.

In Michigan, executors and administrators are clothed with similar powers as with us over a decedent's estate, to possess and control the same. An administrator of a decedent filed a bill to redeem lands from a mortgage, executed by his intestate. It was objected on demurrer, that the administrator had no power to redeem the lands, and that the heirs were the only parties that could do so. The court held that the administrator, being entitled, under the statute, to the possession of the lands of his intestate, had such an interest as entitled him to redeem.—*Enos v. Sutherland,* 11 Mich. 538.

Under the facts of this case, we hold that the executor for the purpose of administration had the right to redeem the lands and the court committed no error in so holding.

Affirmed.