# Snodgrass *v.* Snodgrass.

*Bill to Remove Estate from Probate to Chancery Court.*

(Decided January 18, 1912. 57 South. 474.)

*Administration of Estate; Removal.*—Where the personal property of an estate is amply sufficient to pay the debts, the heirs of an estate are interested in the administration of the estate so long as the widow's dower remains unassigned, as the personal representative is invested with important powers as to the realty, and may apply to the probate court for the assignment of dower under the statute; hence, an heir at law may maintain a bill for the removal of the administration from the probate to the chanery court, and for the allotment of dower.

APPEAL from Jackson Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by W. E. Snodgrass against Eliza Snodgrass individually, and as administrator, for the removal of an estate from the probate to the chancery court, and for the allotment of dower. From the decree overruling demurrers to the bill, the administratrix appeals. Affirmed.

TALLY & FRICKS, and VIRGIL BOULDIN, for appellant. In the instant case it is not a concurrent duty of the administratrix to assign dower.—*Shelton v. Carroll*, 16 Ala. 148. The title passes to the heir who may terminate the quarantine right of the widow by an assignment of dower and take possession of the land.—*Callahan v. Nelson*, 128 Ala. 671. She cannot assert her stat-

utory power in this case to sell the land, 1st, because they are capable of partition in kind, and no written consent has been given her.—Sec. 2621, Code 1907. As dower may be had upon the application of either the heir, personal representative or widow under section 3825, Code 1907, it is manifest that the first to invoke the jurisdiction of the court becomes the actor, and displaces the rights of the other to institute a live action. It is elementary then that a party cannot obtain relief in which he has no interest, and against those who have the sole interest therein.

MILO MOODY, and J. A. INZER, for appellee. The chancery courts have original jurisdiction in matters of estates, and may be appealed to by any party without the assignment of a special reason.—*McNeil v. McNeil*, 36 Ala. 108. Any person interested in the distribution of the estate may seek the aid of chancery.—*Bromberg v. Bates*, 98 Ala. 521; *Hill v. Armstead*, 56 Ala. 111; *Ligon v. Ligon*, 105 Ala. 460; *Baker v. Mitchell*, 109 Ala. 490; *Hamby v. Hamby*, 51 South. 732. Under the facts averred the probate court is without jurisdiction to allot dower.—*Benaugh v. Turrentine*, 60 Ala. 557. The bill is not multifarious.—Sec. 3095, Code 1907; *Hamby v. Hamby, supra.*

SOMERVILLE, J.—The bill of complaint shows that N. H. Snodgrass died intestate and without lineal heirs, leaving real estate, some of which he owned jointly with complainant, who was his brother, and jointly also with other brothers; that the personal property of said decedent is ample for the payment of all his debts; that complainant and his brother as heirs at law of deceased are entitled to his real estate, subject to the widow's claim of dower; and that Eliza Snodgrass, his widow,

has duly qualified as the administratrix of his estate in the probate court, but has taken no steps towards administration. The bill prays for the removal of said administration into the chancery court, for the allotment of the widow's dower in said lands, and for the partition of the lands in specie among the joint owners, who, along with said administratrix both individually and in her representative capacity, are made parties to the proceeding. Mrs. Snodgrass, as administratrix, demurred to the bill on the grounds substantially that she is improperly joined as a party defendant, and that, as a bill to remove the administration into the chancery court, it is without equity because complainant shows no such interest in the administration and distribution of the estate as would entitle him to remove it from the probate court into chancery.

The argument in this behalf is founded on the following postulates:

(1) The widow, in the absence of lineal descendants, as here, is entitled to all the personal estate—is, in fact, the sole distributee.

(2) The personalty being sufficient to pay the debts, the real estate cannot be subjected to the claims of creditors.

(3) The heirs are interested only in the real estate, which is unincumbered by debts, and hence exempt from administration, and unaffected thereby.

(4) Where the administratrix need not and cannot resort to the real estate for the payment of debts, there is no duty to allot dower therein; and, at least in the absence of any attempt on her part to do so, the allotment of dower is not an incident of the administration, and with it the estate in administration has no concern.

[Snodgrass v. Snodgrass.]

This argument is, we think, very clearly unsound, and opposed to the settled law of this state, as the following statement will show:

1. The personal representative of the husband's estate is by statute (section 3825, Code 1907) authorized to petition the court of probate for the assignment of dower. And this court has recently declared that "the assignment of dower and the allotment of homestead are both steps appropriately incident to the administration of the estates of decedents in the probate court."— *Hamby v. Hamby*, 165 Ala. 171, 51 South. 732 138 Am. St. Rep. 23. In that case the heirs of a decedent filed a bill in equity for the partition of the lands of the estate while administration was pending in the probate court, without praying for the removal of the administration into the court of equity. The ruling was that the heirs were not entitled to have partition pending the paramount right of the widow to quarantine, dower, or homestead; and that, without a removal of the administration from the probate court, that court had exclusive jurisdiction to proceed to a settlement of the estate, and the determination of incidental questions, including the assignment of dower and homestead. Hence the heirs at law, though their interest in the estate be confined to the decedent's real estate alone, have a vital interest in the administration of the estate so long as the widow's dower remains unassigned. It is a mistake to suppose that only distributees of the personalty or heirs to realty which is actually sought to be subjected to the payment of debts have the right to remove the administration into equity.—*Hill v. Armistead*, 56 Ala. 118; *Bromberg v. Bates*, 98 Ala. 621, 626, 13 South. 557.

2. Under our statutes and decisions the administrator of a decedent's estate is invested with important powers with respect to the real property of his intes-

tate. He "may claim and take possession, let to rent, or, in case of lands in the hands of a tenant, may give notice and claim rent past due, or to accrue, and may obtain an order to sell, when a statutory ground exists, and thus confer on the purchaser the right to the possession to the exclusion of the heir at law, all for the purposes of administration; (that) to these ends he may successfully prosecute an action of ejectment against an intruder, and may likewise prosecute or defend successfully an action for the possession against the heir at law himself; (that) a possession and control of the realty thus taken by the personal representative destroys or suspends the heir's right to the possession, and the rights of action which at common law descended with the land to him, as the possession may terminate in a sale and divestiture of the title, or with a temporary use or letting to rent."—*Calhoun v. Fletcher,* 63 Ala. 574, 580; *Griffith v. Rudisill,* 141 Ala. 200, 37 South. 83. It is true that these prerogatives exist only for the benefit of creditors, and should be exercised only in contemplation of an insufficiency of personal assets to satisfy their claims.—*Clark v. Knox,* 70 Ala. 607, 622, 45 Am.- Rep. 93. Nevertheless, the heirs at law cannot prevent their exercise, and, except as to an attempt to sell, must at least for a time yield to the personal representative when he elects to assert them.—*Landford v. Dunklin,* 71 Ala. 594, 605.

These considerations alone show such an interest as would authorize an heir at law to procure the removal of the administration from the probate into the chancery court.

It results that the demurrer to the bill was without merit, and was properly overruled.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.