(92 South. 266)

## POWELL et al. v. LABRY et al. (6 Div. 546.)

(Supreme Court of Alabama. Jan. 12, 1922.)

1. **Executors and administrators** ⬅️473, 474(3)—Bill held sufficient for removal of administration into court of equity.

An amended bill, alleging that complainant was a devisee under a will, and was entitled to receive the share of her father under the will, and that the estate could be better administered in a court of equity, the probate court not having made final settlement thereof, *held* sufficient as a bill for the removal of the administration into equity under Gen. Acts 1915, pp. 738, 739.

2. **Appeal and error** ⬅️863 — Construction of will not considered on appeal from demurrer to bill removing administration into equity.

On appeal from a ruling on demurrer to a bill which was sufficient for removal of the administration of the estate into equity, the Supreme Court will not consider the proper construction of the will.

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

Bill by Mary Lyman Stone Labry against Hattie Lyman Powell, as executrix, and others, for the construction of the will of W. F. Lyman, deceased, and for removal of the administration of the estate from the probate to the circuit court. From a decree overruling the demurrers to the bill as amended, respondents appeal. Affirmed.

The amendment to the bill consisted largely in striking of parties complainant and in adding parties respondent, who are either legatees or devisees under the will. The original bill alleges the necessity for the construction of the will and the advice of the court in the proper administration of the estate, and that no final settlement had been entered upon in the probate court. The other facts sufficiently appear.

Rudulph & Smith, of Birmingham, for appellants.

Counsel discuss the various matters raised by their demurrers, but in view of the opinion it is not deemed necessary to here set them out.

R. C. Redus, of Birmingham, for appellee.

The bill was entirely sufficient for removal of the estate, and as that was the only order that could be made at that time, the court properly entered the order of removal. Acts 1915, p. 738; section 149, Constitution 1901; 206 Ala. 123, 89 South. 271; 87 Ala. 605, 6 South. 342.

McCLELLAN, J. [1] The bill as amended stood with Mary Lyman Stone Labry as sole complainant. She is a daughter, heir at law,

and distributee of the estate of Robert I. Stone, deceased, who was a devisee under the will of W. F. Lyman, deceased. It is averred that complainant is a devisee under the will of said Lyman, deceased; that she "is entitled to receive the share" of said Stone, her father (now deceased), under the will of said Lyman. It is also averred that the estate of Lyman may be better administered in a court of equity, the probate court not having made final settlement of the estate of said Lyman. The amended bill seeks the removal of the administration into the court of equity. It is entirely sufficient for that purpose. Gen. Acts 1915, pp. 738, 739, and numerous decisions applying its provisions.

[2] At this stage, on appeal from ruling on demurrer to a sufficient bill for removal of the administration of an estate into equity, this court will not enter upon consideration of the construction of the will. Ashurst v. Ashurst, 175 Ala. 667, 670, 57 South. 442.

The court below correctly assumed jurisdiction under the averments of the amended bill, and cannot, at this stage, be held to have erred or not to have erred in overruling special grounds of demurrer.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.