(97 South. 707)

**POWELL v. LABRY et al.**   (6 Div. 900.)

(Supreme Court of Alabama.   Oct. 18, 1923.)

**1. Wills** ⬿807—**General order of abatement of legacies for insufficiency of assets.**

In the absence of an expressed contrary intent of testator, generally, where assets prove insufficient to pay all debts of the estate and the legacies, the loss falls first on the residuary, second, on the general legacies, and, third, on the specific devises or legacies.

**2. Executors and administrators** ⬿130(1)— **Right of personal representative to intercept possession of real estate.**

If a recognized or statutory necessity exists, the personal representative may intercept the possession of the heir or devisee to the real estate, for purpose of due administration and payment of debts.   Code 1907, §§ 2618, 2619, 2596.

**3. Executors and administrators** ⬿130(2)— **Within period for presenting claims against estate burden of proof on one asserting no necessity for intercepting possession of land.**

Within the period for presenting claims against an estate, it is in the sound discretion of the personal representative to determine that it is necessary, and intercept possession of land for purposes of administration, and the burden of proof as to necessity therefor is on one who takes the position that the personal representative has acted hastily in intercepting or seeking the possession of the lands of the estate.

**4. Executors and administrators** ⬿272— **Rents of lands specifically devised subject to payments of debts under same circumstances as the lands.**

Rents or income from real property specifically devised are subject to the payment of testator's debts under the same circumstances as the lands.

**5. Executors and administrators** ⬿131—**Not to be charged with rents of property specifically devised till after time for presenting claims it appears they are not necessary.**

A personal representative should not be charged by the devisee with rents of the property specifically devised, received under bona fide and reasonable belief of its necessity for payments of debts, till after time for presenting claims it appears they are unnecessary for administration.

**6. Wills** ⬿811—**Intention that residuary estate should be subject to payments of debts and legacies shown.**

Intention that the residuary estate should be subject to the payment of testator's debts and the legacies *held* shown by the will.

**7. Executors and administrators** ⬿473, 474 (2)—**In suit by widow of devisee against executor for accounting for rents, devisee's, administrator necessary party.**

The administrator of a deceased devisee of L. being entitled, as such, to part of the rents of the lands devised, received by L.'s executor, on an accounting by the executor, prayed in a suit by the devisee's widow against the executor, is a necessary party to the suit.

**8. Wills** ⬿415—**Expenses of executor in upholding will against contest charge on estate, to be paid from property not specifically devised.**

Attorney's fees and reasonable expenses incurred by an executor in good faith upholding the will on a contest resulting over its probate are a charge on the estate, to be paid, however, from property other than that specifically devised, if sufficient.

**9. Executors and administrators** ⬿131— **Prior to expiration of time to present claims against estate, executor not accountable to devisee for interest on rents.**

For the period prior to expiration of the time for presenting claims against the estate, the executor is not accountable to a devisee for interest on rents collected by the executor from the real estate specifically devised to such devisee.

**10. Wills** ⬿736—**Taxes, etc., maturing before testator's death on property specifically devised chargeable to residue; otherwise as to those made thereafter.**

As to property specifically devised, taxes, assessments for street improvements, reasonable improvements and insurance thereon made by testator, and maturing before his death,

but not paid by him, are to be charged against the residue estate or general legacies, but otherwise where they were made and matured after his death.

Appeal from Circuit Court, Jefferson County; Wm. M. Walker, Judge.

Bill by Mary Lyman Stone Labry against Hattie Lyman Powell, as executrix of W. F. Lyman, deceased, and others, for removal of estate into equity, construction of the will, etc. From a decree for complainant, respondents appeal. Reversed and remanded.

Items 2, 3, and 4 of the will of W. F. Lyman are as follows:

"2. I will, devise and bequeath to my nephew Robert I. Stone, the house and lot located at the northwest corner of Nineteenth street and Fourteenth Avenue South, Birmingham, Ala., fronting 50 feet on the west side of said 19th street and running back westwardly about 140 feet along the northern line of said Fourteenth avenue to an alley, on which it fronts 55 feet, known as No. 1346 South Nineteenth street, Birmingham, Alabama, said house and lot to be owned absolutely in fee simple by the said Robert I. Stone, as a home for himself and family, but in the event he should not wish to reside therein that he may rent out said property, as he may desire, receiving full benefit and income from said property, but no part nor interest in said property shall be sold or otherwise conveyed and disposed of during the space of ten years immediately succeeding the date of my death.

"(3) I will, devise and bequeath to my niece, Hattie Lyman Powell, the house and lot fronting about 75 feet to Nineteenth street and extending back westwardly about 140 feet to an alley and fronting on said alley about 82½ feet, known as No. 1342 South Nineteenth street, Birmingham, Alabama, and being the house and lot immediately adjoining and north of the lot above devised to my nephew, Robert I. Stone, said house and lot to be owned, occupied or enjoyed by said niece, Hattie Lyman Powell, as she may desire, as a home for herself and family, but if she should prefer, she may rent out said property, but the income and rentals from said property shall be hers absolutely and unincumbered by any claims or bequests that may be herein made by me, but no other disposition or conveyance of said property shall be made by her during the term of ten years immediately succeeding the date of my death.

"(4) I give and bequeath to my niece, Miss Fannie Brazier, Birmingham, Alabama, $500.00 cash, to my niece, Mrs. Helen Falcon, Orange, Mass., $750.00 cash, to my niece, Mrs. Fannie Lane, Medford, Mass., $500.00 cash, to my niece, Mrs. Marie A. Barrett, Hinsdale, N. H., $500.00 cash, to my nephew, Henry Lyman, Keene, N. H., $500.00 cash, to my grandniece, Virginia Stone, Birmingham, Alabama, $500.00 cash and to my grandnephew, Warren Lyman Stone, Birmingham, Alabama, $500.00 cash, which said above named sums, so bequeathed, shall be paid only out of money left by me at the time of my death or that may be realized out of any other property that I may own at the time of my death, but is not to be a debt nor a charge against the two houses and lots hereinabove given to my nephew, Robert I. Stone, and my niece, Hattie Lyman Powell; and it is my will that my hereinafter named executors shall pay said sums, so bequeathed, to each of my relatives respectively herein named, as soon after my death as practicable, and for the purpose of so paying said bequeaths, they may sell and dispose of any property of my estate, except the said two parcels above given to my nephew, Robert I. Stone and my said niece, Hattie Lyman Powell and the personal property and effects, hereinafter given to my said niece, Hattie Lyman Powell."

By amendment to her answer and crossbill respondent (executrix) averred that F. L. Bivings was appointed administrator of the estate of Robert I. Stone, deceased; that such administrator is proceeding in the discharge of his duties as such; that there has been so no final settlement by the administrator; that such administrator has the right to sue for and recover personal property, etc., such as rents mentioned in the original bill, and is a necessary party to that phase of complainant's bill seeking an accounting for rents. Said Bivings, as such administrator, is made a party cross-respondent to the crossbill.

Rudulph & Smith, of Birmingham, for appellants.

The bill must contain allegations showing complainant is entitled to the relief he seeks. Overton v. Mosely, 135 Ala. 599, 33 South. 696; Cockrell v. Gurley, 26 Ala. 405. The personal representative may, if necessary, intercept the possession of the heir or devisee, and hold the real estate for purposes of administration. Lee's Adm'r v. Downly, 68 Ala. 98; Landford v. Dunklin, 71 Ala. 594; Sullivan v. Rabb, 86 Ala. 433, 5 South. 746; Calhoun v. Fletcher, 63 Ala. 174; Banks v. Speers, 97 Ala. 569, 11 South. 841; Bank v. Fry, 23 Ala. 770. The personal representative of complainant's ancestor was a necessary party to the suit. Palmer v. Steiner, 68 Ala. 400; Waring v. Lewis, 53 Ala. 615; Nance v. Gray, 143 Ala. 234, 38 South. 916, 5 Ann. Cas. 55; Tillery v. Tillery, 155 Ala. 495, 46 South. 582.

R. C. Redus, of Birmingham, for appellee.

Rents from complainant's lands cannot be subjected to payment of testator's debts until it is ascertained that the land will have to be subjected to such payment. Clark v. Knox, 70 Ala. 607, 45 Am. Rep. 93. The order of abatement of legacies and devises is, first, residuary; second, general; and, third, specific. 40 Cyc. 1904; Kelly v. Richardson, 100 Ala. 584, 13 South. 785.

THOMAS, J. The general rules of equity pleading are well stated by this court, and need not be repeated. Heflin v. Heflin, 208 Ala. 69;[1] Overton v. Moseley, 135 Ala. 599,

[1] 93 South. 719.

33 South. 696; Cockrell v. Gurley, 26 Ala. 405. The bill as amended conformed thereto and was filed after the expiration of the time for presentation of claims against the estate: no error was committed in ruling on demurrer.

In Powell v. Labry, 207 Ala. 117, 92 South. 266, the bill as amended was held sufficient for removal of the administration into equity under General Acts 1915, p. 738; and it was there held that the construction of the will of W. F. Lyman would not be considered on that appeal from demurrer to the bill removing that administration. Hinson v. Naugher, 207 Ala. 592, 594, 93 South. 560.

The will is now for construction. Items 2 and 3 were specific devises of the properties indicated to Robert I. Stone, the ancestor of complainant, and Mrs. Hattie Lyman Powell, respectively. Item 4 gave certain moneys to the respective parties named. The residuary clause of the will placed the other properties of the estate in Mrs. Powell, who is the executrix of the estate and appellant here.

The nature and effect of a residuary clause in a will has been indicated and defined by this court. Blakeney v. DuBose, 167 Ala. 627, 52 South. 746; Ralls v. Johnson, 200 Ala. 178, 75 South. 926.

[1] In the absence of an expressed contrary intent of the testator (Colbert v. Daniel, 32 Ala. 314), the general rule, where the assets prove insufficient to pay the debts of the estate and all the legacies, is that the loss falls (1) upon the residuary, (2) then upon the general legacies, and (3) then upon the specific devises or bequests (40 Cyc. 1904).

The several classes of legacies are defined (Graham v. De Yampert, 106 Ala. 279, 17 South. 355; Mayfield v. Cook, 203 Ala. 49, 82 South. 9), and the foregoing order of abatement is declared in Kelly v. Richardson, 100 Ala. 584, 13 South. 785.

[2] Under the common law, a personal representative was not required, in the ordinary course of administration, to exercise a control over the real estate of his intestate, and, if he did this, would hold the rents in trust for those legally entitled thereto. Terry v. Ferguson, Adm'r, 8 Port. 500; Smith's Heirs v. Smith's Adm'r, 13 Ala. 329, 335, 336; Henderson v. Henderson (Ala. Sup.) 97 South. 353, 359.[2] If a recognized or statutory necessity exists, the personal representative may intercept the possession of the heir or devisee to the real estate, for the purpose of a due administration of the estate and payment of debts. Code 1907, §§ 2618, 2619, 2596; Banks v. Speers, 97 Ala. 560, 562, 11 South. 841; Calhoun v. Fletcher, 63 Ala. 574; Tyson v. Brown, 64 Ala. 244; Lee's Adm'r v. Downey, 68 Ala. 98, 101; Landford v. Dunklin & Reese, 71 Ala. 594; Sullivan v. Rabb, 86 Ala. 433, 5 South. 746; Woods v. Legg, 91 Ala. 511, 8 South. 342; Stovall v. Clay, 108 Ala. 105,

110, 20 South. 387; Mayer v. Kornegay, 163 Ala. 371, 50 South. 880, 136 Am. St. Rep. 79; Southern Ry. Co. v. Hayes, 198 Ala. 601, 605, 73 South. 945; Johnson v. Sandlin, 206 Ala. 53, 89 South. 81; Turk v. Turk, 206 Ala. 312, 89 South. 457; Dallas Compress Co. v. Liepold, 205 Ala. 562, 568, 88 South. 681.

In Banks v. Speers, 97 Ala. 560, 565, 566, 11 South. 841, 843, Mr. Chief Justice Stone said:

"We have shown that in this case there are unsatisfied debts against the estate of M. D. Burchfield, which have been reduced to judgment against his personal representatives. If sufficient personal assets, after carving out of them the widow's exemptions, were left to pay his debts, the case has not arisen which authorizes the sale of lands of decedent for their payment. Code of 1886, §§ 2103, 2104. In other words, unless a case is shown in which 'the personal estate is insufficient' for the payment of the debts, the personal representative is not entitled to an order for the sale of the lands; nor, as we have shown, should he be allowed to recover the lands for purposes of administration, when it appears affirmatively that they cannot be applied to such purpose. * * * What are the presumptions in such case, and on whom rests the burden of proof? * * * Our statutory system authorizes him to intercept the descent of the realty, and to demand and recover the possession, even against the heir. 3 Brick Dig. 464, §§ 146 et seq. It is manifest that until after the expiration of eighteen months it cannot be known with certainty what debts exist against the estate, nor can it, in all cases, be certainly known during that time that the lands will or will not be wanted for the payment of debts. Cases may and do exist of an insufficiency of personal effects to meet all the debts, and yet the rents of the realty for a brief time would supply the deficiency, and save the lands from sale. So, it is clear that much must be left to the enlightened discretion of the personal representative, whether he will or will not assert his right to take possession and control of the realty, during the eighteen months allowed for the presentation of claims against the estate. It is safe to assert that up to the end of eighteen months after administration granted neither the heir, nor any one claiming in his right, can be heard to dispute the right of the personal representative to the possession of the realty, as assets of the estate."

See Owens v. Childs, 58 Ala. 113; Lee v. Downey, 68 Ala. 98.

[3, 4] Thus, within the period for presenting claims against an estate, the burden of proof as to the necessity of subjecting lands to administration is on him who takes the position that the personal representative has acted hastily in intercepting or seeking the possession of the lands of the estate. Dallas Compress Co. v. Liepold, 205 Ala. 562, 568, 88 South. 681; Griffith v. Rudisill, 141 Ala. 200, 37 South. 83. And it requires appropriate action by the personal representative "to divest the heir of his right to the inherit-

---

[2] Ante, p. 73.

POWELL v. LABRY 251

ance"; in the absence of such action "the right remains with the heir." N. C. & St. L. Ry. v. Karthaus, 150 Ala. 633, 43 South. 791; Baldwin v. Alexander, 145 Ala. 186, 40 South. 391; Brown v. Mize, 119 Ala. 10, 24 South. 453; L. & N. R. Co. v. Hill, 115 Ala. 334, 22 South. 163; Banks v. Speers, 103 Ala. 436, 16 South. 25.

It follows that during the period allowed for presenting claims against an estate it is within the sound discretion of a personal representative to determine whether or not it is necessary, and that he will intercept the possession of the real estate and collect the rents therefrom for the purposes of administration. Until the period for presentation of claims against the estate has expired it cannot be determined whether there was a real necessity to divert the possession of the real estate and the income thereof from the devisee. Rents or income from real property so specifically devised should be subject to the payment of testator's debts under same circumstances by which such lands are subject to the burdens of administration. Clark v. Knox, 70 Ala. 607, 622, 45 Am. Rep. 93; Snodgrass v. Snodgrass, 176 Ala. 160, 57 South. 474.

[5] A personal representative should not be charged by a devisee with such rent received, under a bona fide and reasonable belief of its necessity for payments of debts, until after the period for presentation of claims against an estate has expired. The bill avers that there was a sufficiency of property of the residuary estate to meet the needs of a due administration of the estate, without a sale of the land specifically devised to complainant, who filed her bill after the expiration of the period for presenting claims against the estate. Demurrer to the bill, as amended, was properly overruled in the respects indicated in the final decree.

[6] The testator specifically devised, in item 2 of his will, to complainant's ancestor the lot in question, gave the lot made the subject of item 3 and the residue of the estate to Mrs. Powell, who is the executrix of the will, provided seven general legacies for "nieces and nephews," and directed that in their payment "said above-named sums [the legacies], so bequeathed, shall be paid only out of money left by me at the time of my death, or that may be realized out of any other property that I may own at the time of my death, but is not to be a debt nor a charge against the two houses and lots hereinabove given to my nephew, Robert I. Stone, and my niece, Hattie Lyman Powell; and it is my will that my hereinafter named executors shall pay said sums, so bequeathed, to each of my relatives respectively herein named, as soon after my death as practicable, and for the purpose of so paying said bequeaths [bequests], they may sell and dis-

pose of any property of my estate, except the said two parcels above given to my said nephew, Robert I. Stone and my said niece, Hattie Lyman Powell and the personal property and effects, hereinafter given to my said niece, Hattie Lyman Powell."

The law or order of the abatement of legacies, as respects the several classes of devises and bequests, we have indicated. The manifest intention of testator that is found in the four corners of his will is that the residue estate should be subject to the payment of testator's just debts and to the payment of legacies as we have declared the law to require.

[7] The testimony shows that no rent accruing from the Stone property between the date of testator's death and that of Mr. Stone was collected by respondent administrator or by Mrs. Powell; that such rent was used by the tenant in making repairs on the specific property, and in the payment of taxes on the properties of the estate. This does not show error without injury, in ruling on demurrer to cross-bill as amended presenting the failure to make a necessary party Mr. Bivings, as personal representative of the estate of Robert I. Stone, deceased. As such personal representative he was entitled to a part of the rents in question on the accounting prayed. There was error committed by the former circuit judge in sustaining demurrer to such phase of the answer and cross-bill. Winsett v. Winsett, 203 Ala. 373, 377, 83 South. 117; Tillery v. Tillery, 155 Ala. 495, 46 South. 582; Nance v. Gray, 143 Ala. 234, 38 South. 916, 5 Ann. Cas. 55; Palmer v. Steiner, 68 Ala. 400; Waring v. Lewis, 53 Ala. 615. The subject of necessary and proper parties to a bill in equity has been considered by this court, and such discussions need not here be repeated. Hodge v. Joy, 207 Ala. 198, 92 South. 171, and authorities.

[8] Since the case will be reconsidered, we will say that it is generally held that, when a contest results over the probate of a will, it is the executor's duty to uphold the will, and if he does so in good faith attorneys' fees and the reasonable expense incurred by him in doing this are a charge upon the estate. Henderson v. Simmons, 33 Ala. 291, 300, 70 Am. Dec. 590; Raines v. Raines' Ex'r, 51 Ala. 237; Gayle v. Johnson, 80 Ala. 388; Alexander v. Bates, 127 Ala. 328, 343, 28 South. 415; Taylor v. Crook, 136 Ala. 354, 34 South. 905, 96 Am. St. Rep. 26. However, this is not equivalent to holding that specific legacies are to bear an aliquot proportion of such expense when there are funds or properties of the residue estate sufficient to pay the same; or, failing in this, there were properties given or devised generally which, if subjected, were sufficient for such purpose. No error was committed in declining

to charge the specific devises with a part of the expense of resisting the contest of the probate of the will, or that incurred in a due administration of the estate. Such charges fall upon the properties of the several classes of devises and bequests, in the order heretofore indicated. So of the preferred claims. Code 1907, § 2596.

[9] The decree of reference, among other things, directed that the executrix be "required to account to. complainant for any rents so used [for the purpose of paying debts and costs of administration] arising from said property [that devised in item 2 of the will] *with interest*." (Italics supplied.) The time within which the will was contested for probate and thereafter within which claims may be presented for payment against the estate cannot be counted as that within which interest may be computed against the executrix. Until the latter date she had the right to exercise judgment and discretion in collecting the funds and properties of the estate for its due administration and distribution, and to ascertain the liabilities. And for so intercepting the possession of such real property and collecting rents therefrom she should not be charged, on accounting, with the legatee or devisee, with interest on rents paid or collected within such time. That is to say, sums "collected and received by her as executrix" or on any rents such as have been used for the benefit of the estate of said Lyman will not bear interest before expiration date for presenting claims against the estate.

[10] The taxes, assessments for street improvements, reasonable improvements on dwelling and insurance thereof made and maturing before the death of the testator, and not paid for by him, as between the parties to this suit are proper charges against the residue estate, or general legacies, as may be necessary for the payment thereof. Such taxes, street improvements, improvements on dwelling and insurance thereof made after the death of the testator are to be apportioned to the classes of specific properties to which they are referable, as we have indicated, since the will of testator speaks as of the date of his death. Henderson v. Henderson, ante, p. 73, 97 South. 353.

The pleadings presented the necessity for the sale of the Talladega properties for payment of charges thereon, and an accounting with complainant for rents paid to the executrix for her account and benefit by tenants of the Stone property. Before the sale of the residuary estate and its subjection to the payment of debts and expense of administration, it cannot be finally determined whether the rents in question, or any part thereof, should be subjected to diminution for the purpose and in the order as we have indicated.

The decrees of the circuit court in equity, are reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.