(124 So. 202)

## HOPKINS v. CREWS et al. (4 Div. 431.)

Supreme Court of Alabama. June 20, 1929.

Rehearing Denied Oct. 31, 1929.

Mulkey & Mulkey, of Geneva, for appellees.

BROWN, J. This bill was filed by the appellant, Idell Hopkins, according to the averments of the bill, an heir at law of M. V. Crews, who died in Geneva county on or about the 5th day of February, 1926, leaving surviving him his widow, Ida D. Crews, and several children, three of whom were minors; that his estate consists of real and personal property in excess of the amount exempt by law to the widow and minor children from administration and the payment of debts, and that the personal property is sufficient to pay the debts of the estate; that proceedings were instituted in the probate court for the administration of the estate, on the 18th day of February, 1926, and the widow, Mrs. Ida D. Crews, was appointed as the administratrix; that the administration of the estate was not completed in the probate court, but was removed to the circuit court to be administered in equity, and is still pending therein; that the exemptions to the widow and minor children have not been set apart, nor has dower been assigned, and no steps to that end have been taken in the course of the administration of the estate; that the real estate "consists of various parcels; that said lands are not contiguous; that the values of said parcels are not the same; that an assignment of dower to the said Ida D. Crews, in and to the said lands, by metes and bounds, would be unjust; that the interest of the said tenants in common or joint owners cannot be equitably divided or partitioned among the several joint owners thereof, without a sale of the same," etc.

The widow, as an individual and as administratrix of the estate, along with the other heirs, are made parties, and the relief prayed is "that commissioners be appointed * * * to set apart to the said widow and minor children * * * their homestead exemptions; * * * that the remainder of said lands be sold * * * for the assignment of the dower interest" to the widow, and for partition and division among the several joint owners, and a reasonable solicitor's fee to be paid complainant's solicitor, and, after deducting the cost and expense incident to such sale, that the remainder of the proceeds be paid, one-third to the widow, and the remainder be divided among the several heirs as tenants in common according to their respective interests, and for general relief.

E. C. Orme, of Troy, Carmichael & Tiller, of Geneva, and Farmer, Merrill & Farmer, of Dothan, for appellant.

The defendant, Ida D. Crews, demurred to the bill, assigning, among others, the following grounds:

"The bill is without equity.

"The lands cannot be sold for division in advance of the assignment of dower.

"It is not shown that dower cannot be assigned by metes and bounds.

"It cannot be known in advance of the assignment of dower, what lands are to be sold.

"That the court is without authority to assign homestead to the widow and minor children."

The foregoing statement of the case is sufficient to show that the relief which the complainant seeks may be obtained in the due course of administering the estate, which is now pending and undetermined in the same court wherein the present bill was filed, and for this reason it is clearly without equity. In fact the purpose of the bill, and its practical effect, is to supersede and take the place of the administration of the estate, and, if entertained, would paralyze and render useless that proceeding.

Pending the administration, where there are debts against the estate, the law confers on the administrator the right to the possession of the real estate, and, if needs be, to cause its sale for the payment of debts, with the consequent divestiture of title out of the heirs. Snodgrass v. Snodgrass, 176 Ala. 160, 57 So. 474.

And whether the necessity for such sale exists, or whether the personal property is sufficient for the payment of debts, are questions properly determinable only in the proceedings removing the administration into the court of equity—the administration proceedings. Forman v. McAnear, 219 Ala. 157, 121 So. 538.

Nor can the heirs have partition or sale for division pending the paramount rights of the widow to quarantine, dower, and homestead. Hamby et al. v. Hamby et al., 165 Ala. 171, 51 So. 732, 138 Am. St. Rep. 23. Nor can the widow's dower interest in the lands be disposed of by a sale for division without her written consent. Code 1923, § 5877; Hamby et al. v. Hamby et al., supra; Boyles v. Wallace, 208 Ala. 213, 93 So. 908; Clancy v. Stephens, 92 Ala. 577, 9 So. 522, 524.

The heirs have the right, by petition in the administration proceeding, to invoke the power of the court to have dower assigned and the exemptions of the widow and minor children set apart to them, and until dower is assigned the widow's right of quarantine continues. Code 1923, § 7437; Snodgrass v. Snodgrass, supra; Callahan et al. v. Nelson et al., 128 Ala. 671, 29 So. 555; Castleberry v. Hollingsworth, 215 Ala. 445, 111 So. 35.

If the administratrix is unduly delaying the due and orderly administration of the estate, the court has the power to make all such orders as may be found necessary and expedient to bring the same to a final settlement and determine the rights of all the parties in interest. Randle v. Carter, 62 Ala. 95. In Hames et al. v. Irwin et al., 214 Ala. 422, 108 So. 253, Evans v. Evans, 213 Ala. 265, 104 So. 515. and Whitehead v. Boutwell, 218 Ala. 109, 117 So. 623, no administration was pending, and this fact differentiates those cases from the case at bar while in Frazier v. Frazier, 211 Ala. 176, 100 So. 118, the bill sought to rescind a contract and cancel a deed that stood in the way of the complainant's right to have the property set apart as exempt, and so far as appears, no administration was pending in that case.

The decree of the circuit court appears to be free from error, and is due to be affirmed; and it is so ordered.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.