ALMON, Justice.
This is an appeal from a declaratory judgment construing a will.
The Last Will and Testament of L. Y. Tolar, deceased, was admitted to probate on November 19, 1973. Ledford H. Tolar, Thomas E. Tolar, Clinton B. Tolar, Carl D. Tolar and Billy Joe Tolar filed suit on February 4, 1975, seeking to recover possession of lands devised in Item IV of the Last Will and Testament of L. Y. Tolar and also seeking to recover rent for the years 1974 and 1975.
Item IV of the Last Will and Testament of L. Y. Tolar reads as follows:
“I hereby give, devise and bequeath unto Ledford H. Tolar, Thomas E. Tolar, Clinton B. Tolar, Carl D. Tolar, Billy Joe Tolar, Willie Mae Mercer, Essie Taylor, Leo Jordan, Roy Jordan, and Lillie Lanier, their heirs, the following described property, to-wit:
“The East half of SE Vt, Section 11, and the West half of SW Vi, Section 12, all in Township 2, Range 28, Houston County, Alabama, and containing 160 acres, more or less, known as the Lynn Place.
“Subject to the property set out above carrying a lien for Federal and State taxes for its pro rata share of taxes, and said beneficiary legatees agreeing and assuming to pay off said mortgage on said property, if recorded against said property.” Item VIII of the will reads as follows:
“I realize that I will owe at the time of my death some State and Federal taxes, commonly called inheritance taxes on my estate, which will be a first lien against my estate, such taxes and all other taxes assessed against my estate after my death, and I will such liens be paid off as near as possible on each property whether it be personal or real property, in ratio of the value of said property each Legatee receives under this Will, to the value of my whole estate in this Will. In other words, if my personal property is valued at one third of my whole estate, then, I wish my personal property to pay one third of the State and Federal taxes, and if my real estate is valued at two thirds of my estate, then I devise and bequeath that my real estate pay two thirds of State and Federal taxes of my estate. Under each special legacy where specific real estate is Willed by me, I want my Executrix to determine or have determined the market value of the land, and I want that property to pay that portions of the State and Federal taxes as the ratio value that each legatee receive under this Will bears to the value of my entire estate. For instance, if the property received by each Legatee is valued at Vioth of the value of my entire estate, then before said Legatee is delivered possession of said property, he or she is to pay to Executrix of my estate Vioth of the Federal and State taxes. All special legacies will carry a lien to my estate for his or her pro rata share of State and Federal taxes, and until paid the lien will re *1286 main against the property, but the person receiving said property under this Will may at any time pay off said pro rata share of taxes and receive their property as set out in Will. Until the taxes are paid by each Legatee, the estate has lien on said property, and property may be sold by Executrix to satisfy said lien. If any piece of property is sold by my Executrix to pay Federal and State taxes assessed against my Estate, if there is any money left, then the balance left over shall go to special legacy holder left the property under Will. I Will that all special Legatees receiving real estate under my Will pay off the mortgage indebtedness against said property that is of record in the Probate Office of this State. As directed in paragraph one of this Will, I want my State and Federal taxes paid off first, before any one receives any bequests, or devise, or legacy under my Will which taxes are lien against all of my estate.”
Subsequent to filing suit, the appellant, Thomas E. Tolar, purchased the interest of the other devisees under Item IV of the will.
The appellee, Merle E. Tolar, is the Executrix of the Estate of L. Y. Tolar. In her capacity as Executrix, Merle E. Tolar rented the property devised to the plaintiffs in Item IV of the Last Will and Testament of L. Y. Tolar and collected rents of $1,930.00 for the year 1974 and $2,500.00 for the year 1975. Prior to renting the property she offered the devisees the opportunity to take possession, which was declined. Appellant, Thomas E. Tolar, paid his pro rata share of estate taxes on May 22, 1975, and had paid the mortgage on the property sometime prior to then.
On August 4, 1975, the trial court ruled that appellant was entitled to possession of the real estate in question and entitled to collect rent on the property from appellee for the period of May 22, 1975, through December 81, 1975, in the amount of $1,151.87, but that appellant was not entitled to rents collected in the year 1974 in the amount of $1,930.00 nor to the rent from January 1, 1975, to May 21, 1975, in the amount of $1,400.00.
The central issue before us is whether the appellant or the appellee as executrix of the estate has the rights to rents acquired between the time of the death of L. Y. Tolar and May 22, 1975. Normally,
“ . . . upon the death of the owner real estate passes, as at common law, to the devisee of the testator or heirs of the intestate, subject to be intercepted by the exercise of the personal representatives, of the power conferred on them by statute in the mode and for the purposes expressed, — to pay debts, or to effect an equitable division between the heirs or devisees.” Griffith v. Rudisill, 141 Ala. 200, 203-204, 37 So. 83, 84 (1904).
The personal representative also has the power in the proper circumstances to intercept rents should they be needed to pay the debts (Tit. 61, § 242, Code of Alabama, 1940, Recompiled 1958); however, if the rents are not needed for debts — debts which would otherwise require the sale of the property— they would belong to the devisee. Powell v. Labry, 210 Ala. 248, 97 So. 707 (1923).
“Rents or income from real property so specifically devised should be subject to the payment of testator’s debts under same circumstances by which such lands are subject to the burdens of administration.” Id. at 251, 97 So. at 710.
On the record before us we do not know what debts, if any, other than estate taxes were owed by the estate. Under the proper circumstances the rents received could be used to pay the debts of the estate, regardless of who has the “right” to the rents, though in this specific instance that would be limited to debts other than the mortgages and the pro rata share of the estate taxes associated with the specific devises of real estate, as will be subsequently explained.
The decision of the trial judge was based on his holding that the real estate vested in the executrix-appellee
“until such time as a complete inventory of his estate, real and personal, could be *1287 taken; until values could be placed upon the various items of real and personal property in his estate; until the total State and Federal estate tax bills against his estate could be calculated by his executrix and the pro rata shares of these taxes to be paid by his several legatees determined; and until the . . . [appellant] paid . . . [his] pro rata share of testator’s estate taxes to the executrix and agreed to pay or assume the mortgage against this real property and that upon the happening of these things that the interest of the executrix would be defeated and fee simple title would vest in the . . . [appellant].”
As a basis for this holding, appellee points to the following language in Item VIII of the will:
“ . . . I Will that all special legatees receiving real estate under my Will pay off the mortgage indebtedness against said property that is of record in the Probate Office of this State. As directed in paragraph one of this Will, I want my State and Federal taxes paid off first, before any one receives any bequests, or devise, or legacy under my Will which taxes are lien against all of my estate.”
Appellee also adds:
“ . . . That the testator intended these items as conditions precedent to the vesting of the property in the Plaintiffs [appellant] is further clarified by the following provision in Item VIII of the Will: “ ‘. . . but the person receiving said property under this Will may at any time pay off said pro rata share of taxes and receive their property as set out in Will.’ ”
While the above quotations from the will do suggest that the fee did not rest in the devisees immediately upon the death of the decedent, a reading of other parts of the will and of the will as a whole suggests otherwise.
In Item IV:

“I hereby will, devise and bequeath unto .

“Subject to the property set out above carrying a lien for Federal and State taxes for its pro rata share of taxes, and said beneficiary legatees agreeing and assuming to pay off said mortgage on said property, if recorded against said property.” (Emphasis added.)
In Item VII:
“ . . . Under each special legacy where specific real estate is Willed by me, I want my Executrix to determine or have determined the market value of the land, and I want that property to pay that portions of the State and Federal taxes as the ratio value that each legatee receive under this Will bears to the value of my entire estate. For instance, if the property received by each Legatee is valued at Vioth of the value of my entire estate, then before said Legatee is delivered possession of said property, he or she is to pay to Executrix of my estate Vioth of the Federal and State taxes. All special legacies will carry a lien to my estate for his or her pro rata share of State and Federal taxes, and until paid the lien will remain against the property, but the person receiving said property under this Will may at any time pay off said pro rata share of taxes and receive their property as set out in Will. Until the taxes are paid by each Legatee, the estate has lien on said property, and property may be sold by Executrix to satisfy said lien. If any piece of property is sold by my Executrix to pay Federal and State taxes assessed against my Estate, if there is any money left, then the balance left over shall go to special legacy holder left the property under Will.” (Emphasis added.)
The concern of the testator was to have each part of his estate and/or its devisees be responsible for its proportional burden of the estate taxes, rather than have the debts of the estate, including the estate taxes, paid as specified by statute and case law, e. g., selling the personalty before the realty, etc. (See Tit. 61, §§ 217, 228, 242, 243, 252, Code, supra; and Powell, supra.) We see *1288 no intent to create in the devisees a future interest. See Duncan v. DeYampert, 182 Ala. 528, 62 So. 673 (1913).
“ . . . The settled law is that a will speaks from the death of the testator, and that, in the absence of a clear manifestation of the testator’s intent to the contrary, estates shall be held to vest at the earliest possible period. The intent to postpone the vesting of an estate must be clear, and must not arise by mere inference or construction. . . . ” Id. at 532, 62 So. at 674.
The will merely gave the executrix the power to retain possession until the mortgages and the pro rata share of the estate’s taxes were paid and, if need be, to sell the property to pay them. This is supported by the fact that if the property were sold, any money left over went to the devisees, not to the estate.
Part of the facts of this case is the executrix’s offer to the devisees to come into possession before payment of mortgages and taxes. The devisees declined for reasons not entirely clear, though there is some indication that they intended to contest the will. While one may question whether this fact alters the above conclusion, we do not believe it does. If the will had been contested, and upheld, an accounting of the rents would be required, so we see no reason why an accounting should not also be required under this set of facts. See Powell, supra.
Thus, the appellant, Thomas E. Tolar, is entitled to the rents at issue unless there are other debts owed by the estate which are not shown by this record and which would be properly charged against the entire estate.
The judgment is therefore reversed and the cause remanded for entry of judgment in accordance with the views expressed herein.
MOTION TO DISMISS OVERRULED; REVERSED AND REMANDED WITH DIRECTIONS.
All the Justices concur.